laCARL A. GUIDRY, Judge Pro Tem.
Defendant, Clifford Paul Duet, was charged by bill of information with forcible rape, a violation of La.R.S. 14:42.1(A). The matter went to trial before a jury, and defendant was found guilty of the responsive verdict of simple rape, a violation of La.R.S. 14:43. Thereafter, defendant filed a motion for new trial and a motion for post verdict judgment of acquittal. The trial court denied the motion for post verdict judgment of acquittal but granted the motion for new trial. Defendant then filed a motion to quash, seeking to amend the charge to simple rape, based on La.C.Cr.P. art. 598(A). The trial court granted the motion and ordered the charge amended to simple rape. For the second trial, defendant waived a jury trial. The matter went to .trial before a judge, on a charge of simple rape; and defendant was found guilty of the responsive verdict of sexual battery, a violation of La.R.S. 14:43.1. Thereafter, defendant filed a motion for new trial, a motion for post verdict judgment of acquittal, and a motion to quash, which were denied by the trial court. Prior to sentencing, the State filed a habitual offender bill of information, pursuant to La.R.S. 15:529.1. After a hearing, defendant was adjudicated a habitual offender and was sentenced to five years at hard labor. Defendant has appealed his conviction,[2] and filed the following seven assignments of error in the trial court:[3]
*66 1. The Trial Court erred when it allowed the motion to quash which it granted prior to the start of the second trial to be ignored. The Court allowed the trial to continue despite the fact that it had granted the motion to quash.
2. The Trial Court erred when the Court did not grant the second motion to quash to disallow the responsive verdict that crime of which the defendant had been acquitted after the first trial because under code of criminal procedure article 814 section [A(10) ] sexual battery precedes simple rape.
3. The Trial Court erred in allowing the responsive verdict of sexual battery to be considered in the second trial because the defendant had been acquitted of that charge in the first trial and to reconsider it was double jeopardy. The criminal statutes are stricti juris and cannot be expanded to suit a theory where there is no legislative intent and in fact there is intent otherwise. The charge of [sjimple rape under 814 section [A(12) ] allows a responsive verdict of which he had already been acquitted.
_Js4. The Trial Court erred in allowing the evidence of the first trial to be contradicted in the second and introduced testimony concerning intoxication which was denied in the first trial.
5. The Trial Court erred when it did not grant the motion for a new trial, because the verdict constituted double jeopardy due to article 814 section 10 of the code of criminal procedure and the effect of a finding of the verdict of sexual battery could only result in an acquittal.
6. The Trial Court erred when it failed to grant the motion in arrest of judgment because the crime for which the defendant was found guilty was one which he had already been acquitted, and he was entitled to a dismissal.
7. The Trial Court erred in allowing the State to multiple bill the defendant after the conviction because the original trial court granted the original acquittal in response to the attempt by the state to multiple bill the defendant after the original trial court was going to sentence the defendant to 30 days in the parish jail.
FACTS
On December 21,1991, Bridgette and Greg Guidry gave a Christmas party at their home, which was attended by approximately thirty persons. Defendant and the victim (Bridgette Guidry’s sister) both attended the party.
The victim testified that she rode to the party in a small truck with another sister, Yvette Thibodeaux, and that sister’s boyfriend, William Besse.[4] Defendant and the victim, who had met previously through mutual friends, spoke with one another at the party. At approximately 2:00 a.m., the victim left the party with defendant. At trial, the victim testified that her sister Yvette was going to give a ride to another sister, Rene, and her husband, leaving no room for her in the truck; this testimony was corroborated by Yvette and Rene. Because the evening was coming to a close and because there were not many people left at the party, the victim asked defendant if he would give her a ride to her home in his van. The victim further testified that, after stopping to buy cigarettes, defendant drove down a gravel road, pulled her into the back of the van, and raped her. Afterward, when defendant had returned the van to the highway, the victim told him to stop the van or she would jump out. Eventually, defendant stopped and the victim got out of the van. She ran until she came to a trailer, and then she sat on the steps until someone came to the door. John and Rosie Davis testified that, after finding the victim |4on their steps at approximately 3:00 a.m., they took her inside and telephoned the police.
ASSIGNMENT OF ERROR NO. FOUR
In this assignment of error, defendant contends that because the victim denied *67 any intoxication in the first trial, the trial court erred in allowing evidence of intoxication to be introduced in the second trial. In particular, defendant contends the victim’s testimony was varied to “meet the circumstances.”
Initially, we note defendant failed to utilize for impeachment purposes, the victim’s testimony at the first trial regarding her alcohol consumption on the night in question. Moreover, according to the record, the victim’s testimony regarding the amount she had to drink on the night in question was consistent in both the first and the second trial. At the first trial, the victim testified that she did not drink when she first arrived at the party, that she stopped drinking around midnight, that she drank Crown Royal and Budweiser, and that she was not “exactly sure” how many drinks she had during the evening, but it was more than five. At the second trial, the victim testified that she did not drink when she first arrived at the party, that she stopped drinking around midnight, that she had two or three Budweisers to drink, but she was not “really sure” how much Crown Royal she had to drink. We find no merit in this assignment of error.
ASSIGNMENTS OF ERROR NOS. ONE, TWO, THREE, FIVE, AND SIX
In these multiple assignments of error, defendant basically argues that, although he could be brought before the court for a second time and tried for simple rape, he could not be tried for sexual battery. Thus, defendant contends the trial court erred by denying the various motions that he filed after the second trial (i.e., the motion .to quash, the motion for new trial, and the motion for post verdict judgment of acquittal.)
Specifically, defendant contends that the verdict of sexual battery was not available to the trial court as a responsive verdict to the charge of simple rape. Defendant further contends that La.C.Cr.P. art. 814(A)(10) lists the responsive verdicts for forcible rape as “Guilty. Guilty of attempted forcible rape. Guilty of sexual battery. Guilty of simple rape. Guilty of attempted simple rape. Not guilty.” Based on the fact that “sexual battery” (along with “forcible rape” and “attempted forcible rape”) precedes “simple rape” in the listing, defendant contends the trial court should have quashed the charge of sexual battery [5when he quashed the charges of forcible rape and attempted forcible rape. Thus, defendant contends that, in the second proceeding, the only charge for which he could be tried was simple rape. Defendant further contends that failure to quash the charge of sexual battery constitutes double jeopardy.
According to La.C.Cr.P. art. 598(A), when a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial.
In the instant case, at the first trial, defendant was charged with forcible rape and found guilty of simple rape. This verdict constituted an acquittal of forcible rape and attempted forcible rape, i.e., an acquittal of the “greater offenses” as stated in La. C.CrJP. art. 598(A). Accordingly, for the second trial, the trial court properly amended the bill of information from forcible rape down to simple rape, thereby eliminating the “greater offenses” of forcible rape and attempted forcible rape.
Further, we find the trial court did not err in refusing to eliminate the charge of sexual battery from consideration. Sexual battery is not a “greater offense” than simple rape, notwithstanding the fact that the verdict of sexual battery precedes the verdict of simple rape in the list of responsive verdicts for the charge of forcible rape, found in La.C.Cr.P. art. 814(A)(10). We specifically note that in La.C.Cr.P. art. 814(A)(12), sexual battery is listed as a responsive verdict to simple rape. We further note that the penalty for sexual battery is significantly less than the penalty for simple rape. See La.R.S. 14:43.1(C) and 14:43(0). Furthermore, we find noteworthy the argument of the prosecutor that the elements of a sexual battery are always included in the elements of a rape; i.e., every time a rape is committed, a sexual battery has also been committed. However, the converse is not true; a sexual battery can be commit *68 ted without the offense falling within the definition of rape. We agree with the state that a sexual battery is clearly a lesser grade of the offense of rape.
Accordingly, the trial court did not err in considering sexual battery as a responsive verdict or in denying the multiple motions filed by defendant, i.e., the second motion to quash, the motion for new trial, and the motion for post verdict judgment of acquittal. We lf;find no merit in these assignments of error.
For the reasons assigned herein, the conviction of sexual battery is affirmed.
CONVICTION AFFIRMED.

. Assignments of error numbered one through six, which relate to defendant's conviction for sexual battery, are considered herein. Assignment of error seven, which relates to defendant's conviction and sentence as a habitual offender, is considered in 95 KA 2447, also decided on this docket.

.Appellant’s assignments of error as set forth in his appellate brief represent substantially the same arguments but are more briefly stated.

. Mr. Besse had married Yvette at the time of trial, and, was also referred to by witnesses as “Mickey''.