Douglas HOUSER, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–699–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1988.

Michael B. Charlton, Charles F. Baird, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of burglary of a building and assessed punishment, enhanced by two prior felony convictions, at seventy-five years confinement in the Texas Department of Corrections. In two points of error appellant contends the trial court erred in (1) admitting evidence of appellant's prior conviction for aggravated assault and (2) overruling his objection to the State's closing argument. We affirm.

In his first point of error appellant claims the trial court improperly admitted State's Exhibit No. 6, which was a copy of the judgment and sentence in a prior conviction of appellant for aggravated assault. The State sought admission of State's Exhibit No. 6 to establish appellant's prior criminal record under article 37.07 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1988). The aggravated assault conviction was alleged solely for the purpose of establishing appellant's prior criminal record; it was not one of the convictions alleged for enhancement of punishment. The thrust of appellant's argument is that the judgment and sentence were not properly linked to appellant. In other words, the State failed to prove that appellant was the same person convicted in the prior offense. Appellant's primary argument is that his jail card was inadmissible to link him to the aggravated assault conviction.

At the punishment phase of the trial, the State questioned Mark Wrobleski, the supervisor of inmate records at the Harris County jail, about the function of a jail card. Wrobleski testified that, when an inmate is booked into jail, a jail card is generated. He stated that a fingerprint of the inmate is placed on the jail card at the time the inmate is booked into the jail. He also said that appellant's jail card reflected that it was for cause number 327,549, which is the cause number reflected in State's Exhibit No. 6. The cause number was placed on the jail card at the time of booking. The source of the cause number is the warrant presented to justify booking appellant.

A fingerprint expert testified that she had compared the fingerprint on the jail card with a fingerprint of appellant taken the day of trial and that both prints came from the same person. The State then offered State's Exhibit No. 6 into evidence. Appellant's attorney objected to its admission arguing that the evidence linking appellant to the conviction in cause number 327,549 was based on hearsay. The trial court overruled appellant's objection and admitted the judgment and sentence in the prior conviction into evidence.

■ Appellant asserts that the jail card was not sufficient evidence to establish that appellant was the person convicted in cause number 327,549. We disagree. The State may prove prior convictions through several means, one of which is by the introduction of certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying the fingerprints of the accused with known prints of the defendant. *Rios v. State*, 557 S.W.2d 87, 92 (Tex.Crim.App.1977).

■ In this case, the State introduced a certified copy of the judgment and sentence in cause number 327,549, styled The State of Texas v. Douglas Howard Houser. They also introduced testimony that the fingerprint taken at the time appellant was booked into jail on the previous offense matched a known print of appellant. Appellant failed to introduce any evidence that the jail card was an unreliable county record. We conclude that the evidence sufficiently linked appellant to the prior conviction and that the judgment and sentence in that conviction was properly admitted into evidence. Appellant's first point of error is overruled.

In his second point of error appellant urges the trial court's error in overruling his objection to the prosecutor's closing argument on punishment. The pertinent part of the record provides:

On November 5th of 1981 Mr. Houser came into another felony Court in Harris County, Texas and he received a sen-

tence of ten years in the Texas Department of Corrections for forgery. At that time he had already been convicted of a felony offense. He picked up another felony offense and if he were still in prison until 1991 he wouldn't have committed that burglary.

Appellant objected at trial, and argues on appeal, that the prosecutor's argument invited the jury to consider the law of parole when considering appellant's punishment.

■ In considering appellant's contention, it is necessary to note the litany of rules guiding our decision to the possible invidious effect of the State's argument. The accepted general areas of jury argument within which all arguments must fall are: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to an argument of opposing counsel; and (4) a plea for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex.Crim.App. [Panel Op.] 1980). An argument outside these approved areas will not constitute reversible error unless the argument is manifestly improper or extreme, violates a mandatory statute, or injects some new fact or facts harmful to the defendant's cause. *Mathews v. State*, 635 S.W.2d 532, 539 (Tex.Crim.App. [Panel Op.] 1982). Since few, if any, arguments standing alone, call for automatic reversal, those arguments must be viewed in the context of the entire argument and the evidence in the case. *Henson v. State*, 683 S.W.2d 702, 704 (Tex.Crim.App.1984).

■ After reviewing the complained of portion of the prosecutor's argument in context with the entire closing argument and the evidence in the case, we conclude that the prosecutor's statement was a plea for law enforcement. The general tenor of the prosecutor's argument was that appellant had been convicted of three prior crimes and that previous incarceration for short periods of time had not deterred further criminal activity. The portion of the argument to which appellant objected flows with the rest of the prosecutor's argument and is clearly a plea for law enforcement.

Appellant's second point of error is overruled.

The judgment of conviction is affirmed.