**Affirmed in part, Reversed in part, and Remanded and Opinion filed June 6, 2013.**



**In the**

# Fourteenth Court of Appeals

**NO. 14-12-00132-CR**
**NO. 14-12-00133-CR**

**DEVANTE SHELBY CASTLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1282529 & 1282530**

**O P I N I O N**

Appellant Devante Shelby Castle was convicted of two counts of aggravated sexual assault of a child under age fourteen. Appellant elected to have the trial court assess punishment. The trial court found the State proved the enhancement allegation that appellant previously was convicted of felony sexual battery in Louisiana, and assessed appellant's sentence at life imprisonment according to section 12.42(c)(2) of the Texas Penal Code. On appeal, appellant raises the

following issues: (1) the trial court erred in concluding that the Louisiana sexual battery statute is substantially similar to any enumerated offense in section 12.42(c)(2)(B), and (2) the trial court erred in assessing appellant's punishment at life in prison under section 12.42 because the evidence was legally insufficient to prove that appellant was convicted of sexual battery in Louisiana. We affirm the trial court's judgments of conviction, but reverse the court's judgments as to punishment and remand the causes for a new punishment hearing.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Appellant Devante Shelby Castle aka Shelby Ray Francis was charged with two counts of aggravated sexual assault of a child under age fourteen. Appellant pleaded not guilty, the causes were tried together to a jury, and the jury convicted him on both counts. Both indictments alleged in an enhancement paragraph that appellant previously was convicted of felony sexual battery in Louisiana. Appellant elected to have the trial court assess his punishment. Only appellant's punishment is at issue in this appeal.

The enhancement paragraph alleged that appellant was finally convicted of felony sexual battery in Louisiana on March 26, 2002. During the punishment phase, the State offered and the trial court took judicial notice of the current version of the Louisiana statute for sexual battery, without objection by appellant. LA. REV. STAT. ANN. § 14:43.1 (2012). Although the pertinent statute would have been the 2002 version, without an objection or any proof that the statute was materially different in 2002, we will consider the current statute.[1] The State called

---

[1] While appellant relies on the 2002 version in his brief, he does not complain of any error in the trial court's consideration of the current version. Moreover, even if appellant had advanced such complaint on appeal, it would be waived because he failed to raise any specific objection below. *See* TEX. R. APP. P. 33.1; *Wagner v. State*, No. 14-07-00906-CR, 2009 WL 838187, at *13 (Tex. App.—Houston [14th Dist.] Mar. 31, 2009, pet. ref'd) (mem. op., not designated for publication) (concluding that appellant did not preserve complaint that Ohio

a fingerprint expert who testified appellant's fingerprint matched that contained in the conviction of a person who at that time went by the name of Shelby Ray Francis for felony credit card abuse.[2] The State offered the judgment in that cause, which reflected Francis pleaded true to the enhancement paragraph that he previously was convicted of felony sexual battery in Louisiana. The State also offered a certified copy of an extract of court minutes from Louisiana, which stated that defendant Shelby R. Francis pleaded guilty to the charge of sexual battery and received five years' hard labor. Appellant's defense counsel did not present any evidence, but instead argued that the Louisiana offense of sexual battery is not substantially similar to any Texas offense listed in section 12.42 and that the State had not presented any proof that the sexual battery conviction involved a child or sexual organ-to-sexual organ contact.

The trial court found the enhancement paragraph contained in appellant's indictments to be true. And based on its review of all the documents submitted, the trial court assessed appellant's punishment at a life sentence "in accordance with Section 12.42 of the Texas Penal Code, Subsection C2-A." In other words, the trial court assessed an automatic life sentence, rather than a punishment within the range of 5 to 99 years' imprisonment or life for each of appellant's convictions for first-degree felony aggravated sexual battery of a child under fourteen. *See* TEX. PEN. CODE. ANN. §§ 12.32, 22.021(e) (West 2011). On appeal, appellant argues the trial court erred in determining that the Louisiana sexual battery statute is substantially similar to any Texas offense enumerated in section 12.42, and erred

statutes State furnished to trial court, and of which trial court took judicial notice and considered to make its determination that prior Ohio conviction for corruption of a minor was substantially similar to Texas sexual offense for purposes of section 12.42, "were either outdated or too recent").

[2] During the guilt/innocence phase of trial, appellant's former girlfriend—aunt of the victim—identified appellant as both "Devante Castle" and "Shelby Francis."

in assessing an automatic life sentence because the evidence was legally insufficient to prove appellant was finally convicted of sexual battery in Louisiana.

## II.   LEGAL SUFFICIENCY OF EVIDENCE ON PRIOR CONVICTION

Appellant attacks the legal sufficiency of the evidence the State presented and argues it does not prove that appellant is the same individual previously convicted of sexual battery in Louisiana.  Appellant contends that the certified extract from minutes in a Louisiana court is not "definitive proof of a conviction," and that a "true" plea in a later, unrelated case should not serve to connect appellant to those minutes.  We disagree.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction.  *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).  However, there is no "best evidence" rule requiring that the fact of a previous conviction be proven with any document, "much less any specific document." *Id.*  The Court of Criminal Appeals has explained:

> While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted.  Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction.

*Id.* at 921–22 (footnotes omitted).

The trier of fact considers the totality of the evidence admitted and attempts to fit the evidentiary pieces of the puzzle together, weighing each piece's

credibility. *Id.* at 923. "Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle." *Id.* If whether there was a previous conviction and whether the defendant was the person convicted "can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Id.*

Here, appellant did not raise any objection to the extract of the Louisiana court minutes, or attempt to counter the State's contention that such extract was equivalent to a judgment and sentence. The "true and correct extract copy" of the Louisiana court minutes was attested to by the deputy clerk of court in Iberia Parish. The extract included details regarding the court, parish, case number, date, the defendant's name (Shelby R. Francis), the defendant's birth date, the defendant's plea of "guilty" to sexual battery, and the defendant's sentence to five years "at hard labor." Such extract clearly was admissible. *See id.* at 922–23 ("A computer-generated compilation of information setting out the specifics of a criminal conviction that is certified as correct by the county or district clerk of the court in which the conviction was obtained is admissible under Rule 902."). Appellant also raised no objection to the certified copy of the judgment and sentence against Shelby Ray Francis showing that Francis pleaded "guilty" to the felony offense of credit card abuse and "true" to both enhancement paragraphs, including the enhancement paragraph about the sexual battery conviction, and that the trial court found those enhancements to be "true." This judgment contained Francis's fingerprint. Nor did appellant object to the indictment against Shelby Ray Francis for credit card abuse. This indictment contained an enhancement paragraph alleging that Francis previously had been convicted of sexual battery in

5

Louisiana; and the details of the court, parish, cause number, conviction date, and offense matched those contained in the extract of court minutes. Also, Francis's birth date in this credit card fraud indictment matched the defendant's birth date in the Louisiana court minutes. The State's fingerprint expert testified that the fingerprint taken from appellant was identical to that contained in the prior judgment and sentence against Shelby Ray Francis for credit card abuse.

Thus, the Louisiana court minutes reflected a guilty plea entered by and sentence imposed against Shelby R. Francis for sexual battery; the indictment, judgment, and sentence against Shelby Ray Francis for credit card abuse reflected that such defendant pleaded true regarding a prior Louisiana conviction for sexual battery in the same court, same parish, same case number, on the same date, where the defendants shared the same birth date; and expert testimony connected appellant's fingerprint to that contained in the judgment and sentence against Shelby Ray Francis for credit card abuse.

Based on the totality of the State's admitted evidence, we conclude that the trial court, as a reasonable trier of fact, could have found appellant's enhancement paragraph to be "true" beyond a reasonable doubt. *See Rios v. State*, 230 S.W.3d 252, 256–57 (Tex. App.—Waco 2007, pet. ref'd) (concluding that, even though judgment for aggravated perjury contained no photographs or fingerprints, evidence was legally sufficient to prove appellant's prior aggravated perjury conviction where separate indictment and judgment, for a different conviction, showed defendant's sentence had been "enhanced by the prior aggravated perjury conviction" and where expert testified fingerprints were the same). Therefore, the evidence is legally sufficient to support the trial court's finding, and we overrule appellant's second issue. *See Flowers*, 220 S.W.3d at 925.

6

### III.    "SUBSTANTIAL SIMILARITY" UNDER SECTION 12.42

## A. Standard of review and applicable law

Section 12.42 of the Texas Penal Code provides enhanced penalties for repeat sex offenders.  *Prudholm v. State*, 333 S.W.3d 590, 592 (Tex. Crim. App. 2011); *Brooks v. State*, 357 S.W.3d 777, 785 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).  Section 12.42(c)(2) effectively creates a "two-strikes policy" for repeat sex offenders in Texas, embodying the legislature's intent to treat repeat sex offenders more harshly than other repeat offenders.  *Prudholm*, 333 S.W.3d at 592; *Brooks*, 357 S.W.3d at 785–86.  Section 12.42(c)(2) mandates a life sentence for a defendant convicted of a sexual offense listed in subsection (c)(2)(A) that he committed after previously having been convicted of any of the enumerated sexual offenses in subsection (c)(2)(B) or "under the laws of another state containing elements that are substantially similar to the elements of an [enumerated] offense." *Prudholm*, 333 S.W.3d at 592; *Brooks*, 357 S.W.3d at 786; *see also* TEX. PEN. CODE ANN. § 12.42(c)(2) (West 2011).  Before using a prior conviction from another state for this purpose, the trial court first must take judicial notice of the relevant out-of-state sexual offense and make a finding that the elements of that offense are substantially similar to the elements of a Texas sexual offense enumerated in section 12.42(c)(2)(B). *Brooks*, 357 S.W.3d at 786.

In *Anderson v. State*, 394 S.W.3d 531 (Tex. Crim. App. 2013), the Texas Court of Criminal Appeals recently re-addressed the process—first outlined by the Court in *Prudholm*—for determining if an out-of-state sexual offense contains "substantially similar" elements to a listed Texas sexual offense.  Under the first prong of the *Prudholm* analysis:

> "[T]he elements being compared . . . must display a high degree of
> likeness."  But the elements "may be less than identical" and need not

parallel one another precisely. It is not essential that a person who is guilty of an out-of-state sexual offense would necessarily be guilty of a Texas sexual offense as there is no requirement of a total overlap, but the out-of-state offense cannot be markedly broader than or distinct from the Texas prohibited conduct.

*Anderson*, 394 S.W.3d at 535–36 (footnotes omitted). In *Prudholm*, the Texas Court of Criminal Appeals considered whether the elements of the California offense of sexual battery were substantially similar to the elements of the Texas offense of sexual assault. The California offense of sexual battery prohibits "touching" of an "intimate part," whereas the Texas offense of sexual assault proscribes the "penetration or contact" of a person's "anus" or "sexual organ." *Prudholm*, 333 S.W.3d at 599. The *Prudholm* Court considered that many more "intimate parts" were covered under the California statute than the specific subset of "intimate parts"—the "anus" and "sexual organ"—listed in the Texas statute. *Id.* The Court thus held that the two statutes "encompass[ed] a markedly different range of conduct," and "[w]hile the elements . . . may be similar in a general sense, they do not display the high degree of likeness required to be substantially similar." *Id.* The Court also found it relevant that the California offense "specifically excludes" more serious sexual conduct contained in the California crimes of rape and sexual penetration that the Texas offense includes. *Id.* Similarly, in *Anderson*, the Court held that the North Carolina offense of indecent liberties "encompasses a markedly different range of conduct than" the Texas offense of indecency with a child. 394 S.W.3d at 537–39 ("[A]lmost any conduct, if performed to fulfill the actor's sexual gratification, may satisfy the 'bad act' element of the offense" for indecent liberties while Texas statute proscribes sexual contact with or exposure of specific areas of the body).

The second prong of the *Prudholm* analysis requires that the "elements must be substantially similar with respect to the individual or public interests protected

8

and the impact of the elements on the seriousness of the offenses." 333 S.W.3d at 595. Under this two-step analysis, courts first determine if there is a "similar danger to society" that the statute seeks to prevent. *Anderson*, 394 S.W.3d at 536. Then, courts determine whether the class, degree, and punishment range of the two offenses are substantially similar. *See id.* at 536, 540–41 (North Carolina offense of taking indecent liberties is punishable by 10 to 33 months' imprisonment while Texas offense of indecency with a child is punishable by either 2 to 10 or 2 to 20 years' imprisonment); *Prudholm*, 333 S.W.3d at 596–99 (California sexual battery generally is misdemeanor punishable by 6 months' imprisonment while Texas sexual assault is second-degree felony punishable by 20 years' imprisonment). Also, "if another out-of-state offense (rape, for example) more closely mirrors the Texas offense (sexual assault, for example), but 'specifically excludes' the compared out-of-state offense (sexual battery, for example), this indicates that the other out-of-state offense (rape), not the compared one (sexual battery), is substantially similar to the Texas one." *Anderson*, 394 S.W.3d at 536–37.

Because no single factor is dispositive, we must weigh all factors before making our determination. *Id.* at 537. We must make this determination "with sensitivity because the defendant is subject to an automatic life sentence." *Id.* We review the trial court's "substantially similar" finding[3] de novo. *Brooks*, 357 S.W.3d at 786.

## B. Louisiana offense of sexual battery

Appellant does not attack the jury's findings that appellant was guilty of two counts of aggravated sexual assault of a child under fourteen.[4] Instead, he argues

___

[3] The parties do not dispute that the trial court implicitly found Louisiana's sexual battery offense to be substantially similar to at least one Texas sexual offense enumerated in section 12.42(c)(2)(B).

[4] Each of appellant's convictions for aggravated sexual assault under section 22.021 of

9

the trial court erred by implicitly determining that the Louisiana offense of sexual battery qualifies as a substantially similar sexual offense in Texas for purposes of section 12.42.

The Louisiana statute provides:

A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, when any of the following occur:

(1) The offender acts without the consent of the victim.

(2) The act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender.

. . .

C. (1) Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years.

(2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

LA. REV. STAT. ANN. § 14:43.1. The State contends that elements of this offense are substantially similar to those of the Texas sexual offense of either sexual assault or indecency with a child, both enumerated offenses under section 12.42(c)(2)(B). *See* TEX. PEN. CODE ANN. § 12.42(c)(2)(B)(ii) (including sections 22.011, sexual assault, and 22.11, indecency with a child).

---

the Texas Penal Code qualifies as an eligible offense, or second strike, for purposes of section 12.42(c)(2). *See* TEX. PEN. CODE ANN. § 12.42(c)(2)(A).

## C. Comparison to Texas offense of sexual assault

After considering all of the *Prudholm* factors, we conclude that the Louisiana sexual battery and Texas sexual assault statutes do not contain substantially similar elements.

### 1. "High degree of likeness"

The Texas sexual assault statute provides:

(a) A person commits an offense if the person:

> (1) intentionally or knowingly:
>
>> (A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;
>>
>> (B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or
>>
>> (C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or
>
> (2) intentionally or knowingly:
>
>> (A) causes the penetration of the anus or sexual organ of a child by any means;
>>
>> (B) causes the penetration of the mouth of a child by the sexual organ of the actor;
>>
>> (C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
>>
>> (D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
>>
>> (E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.
>
> . . .

11

(f) An offense under this section is a felony of the second degree . . . .

TEX. PEN. CODE ANN. § 22.011 (West 2011). With regard to an adult victim, the Texas offense specifically proscribes "penetration" of the "anus or sexual organ" of the victim by any means; "penetration" of the "mouth" of the victim by the actor's "sexual organ"; and causing the victim's "sexual organ" to "contact or penetrate" the "mouth, anus, or sexual organ" of another person, including the actor. *Id.* With regard to a child victim under seventeen, the Texas offense proscribes the same conduct, additionally proscribing causing a child's "anus" to "contact" another person's, including the actor's, "mouth, anus, or sexual organ" and causing a child's "mouth" to "contact" another person's, including the actor's, "anus or sexual organ." *Id.*

"While the elements of two offenses need not 'parallel' one another to be 'substantially similar,' they must criminalize a similar 'range of conduct.'" *Anderson*, 394 S.W.3d at 539 (quoting *Prudholm*, 333 S.W.3d at 599). We cannot conclude that Louisiana's sexual battery statute and Texas's sexual assault statute criminalize a similar range of conduct because the Louisiana statute takes a different and much broader approach. It prohibits merely "touching" a victim's "anus or genitals" essentially by any means of the offender and the "touching" of the offender's "anus or genitals" essentially by any means of the victim. Unlike the Texas sexual assault statute, the Louisiana sexual battery statute does not require either that "penetration" of the victim's "anus or sexual organ" or of the victim's "mouth" by the actor's "sexual organ" occur, or that—where based on "contact"—the contact be between a "sexual organ" and the "mouth, anus, or sexual organ" or (for a child victim) otherwise involve "anus"-to-"mouth, anus, or sexual organ" contact or "mouth"-to-"anus or sexual organ" contact. Further, the Louisiana statute contemplates "touching" through a victim's clothing. *See State v.*

12

*Bouton*, 615 So. 2d 23, 25–26 (La. Ct. App. 3 Cir. 1993) (holding that "skin on skin contact is not necessary for a sexual battery," which "can be committed by touching through clothing"). The Texas statute, however, requires much more than mere external "touching" through clothing, either "penetration"[5] or other flesh-to-flesh contact.[6] Although the Louisiana sexual battery statute does not encompass as wide a range of "touching" behavior as the California sexual battery statute at issue in *Prudholm*, *see* 333 S.W.3d at 599, the Louisiana statute nevertheless covers a significant amount of non-penetrating and external touching conduct that the Texas statute does not.[7]

### 2. "Individual or public interests protected and the impact of the elements on the seriousness of the offenses"

The second prong of the *Prudholm* analysis consists of two distinct requirements: (1) the "individual or public interests protected" are substantially similar, and (2) the "impact of the elements on the seriousness of the offense" is substantially similar. *Anderson*, 394 S.W.3d at 539.

#### a. "Interests protected"

---

[5] *See Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (construing "penetration" in aggravated to sexual assault statute and concluding that penetration involves "a significant intrusion beyond mere external contact" and that "mere contact with the outside of an object does not amount to a penetration of it").

[6] The Texas sexual assault statute proscribes "sexual organ"-to-"mouth, anus, or sexual organ" contact, "anus"-to-"mouth, anus, or sexual organ" contact, and "mouth"-to-"anus or sexual organ" contact, depending on whether the victim is an adult or a child. TEX. PEN. CODE ANN. § 22.011.

[7] The State relies on *Brown v. State*, where the Dallas court of appeals concluded that the elements of Louisiana sexual battery and Texas sexual assault were "similar enough to indicate a high degree of likeness" to satisfy *Prudholm*'s first prong. No. 05-10-00162-CR, 2012 WL 1011444, at *4 (Tex. App.—Dallas Mar. 28, 2012, pet. granted) (mem. op., not designated for publication), *vacated*, No. PD-0524-12, 2013 WL 458102 (Tex. Crim. App. Feb. 6, 2013), *reh'g denied* (Mar. 20, 2013). Not only was this an unpublished opinion, without precedential value, since vacated and remanded for reconsideration in light of a recent Court of Criminal Appeals case, but also we disagree with the *Brown* court's analysis.

Appellant argues that, like the California sexual battery statute in *Prudholm*, the "offensive contact" contained in the Louisiana sexual battery statute, is closer to the offensive contact encompassed by the Texas assault statute[8] rather than the "severe physical and psychological trauma of rape" encompassed by the Texas sexual assault statute. *See* 333 S.W.3d at 599. Although the Louisiana sexual battery statute appears to be designed to protect from more than merely "offensive contact"—its "touching" prohibition is directed at body parts considered to be "sexual" (anus and genitals)—it appears the Louisiana legislature intended more broadly to guard against "sexual" touching that could involve external contact rather than the severe trauma of rape addressed by the Texas sexual assault statute. The Louisiana Supreme Court expressly has noted that Louisiana's "legislative scheme . . . envisions sexual battery as encompassing conduct falling short of actual rape." *State v. Schenck*, 513 So. 2d 1159, 1162 (La. 1987). In other words, the danger society faces due to commission of conduct qualifying as sexual assault in Texas is significantly greater than that due to conduct qualifying as sexual battery in Louisiana. *See Anderson*, 394 S.W.3d at 536.

*b. "Impact of the elements on the seriousness of the offense"*

The Texas offense of sexual assault generally is a second-degree felony, punishable by two to twenty years' imprisonment. TEX. PEN. CODE ANN. § 12.33 (West 2011); *id.* § 22.011. The Louisiana offense of sexual battery is generally punishable by imprisonment "with or without hard labor" for up to ten years.[9] LA. REV. STAT. ANN. § 14:43.1(C)(1). Sexual battery qualifies as a felony offense.

---

[8] "A person commits an offense if the person . . . intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PEN. CODE ANN. § 22.01 (West 2011).

[9] This range of punishment increases to 25 to 99 years "at hard labor" where the victim of the sexual battery is a child under thirteen and the actor is over seventeen. LA. REV. STAT. ANN. § 14:43.1(C)(2).

LA. REV. STAT. ANN. § 14:2 (2012) (defining "felony" as "any crime for which an offender may be sentenced to death or imprisonment at hard labor"). Both offenses are felonies, with Louisiana sexual battery generally carrying no minimum and a maximum of ten years that could include hard labor, and with Texas sexual assault generally carrying a minimum of two and a maximum of twenty years.

Unlike the California sexual battery statute in *Prudholm* that expressly excluded the more serious sexual offenses of rape and sexual penetration, *see* 333 S.W.3d at 597, 599, the Louisiana sexual battery statute does not expressly state that it excludes other sexual offenses. However, we also may consider other Louisiana statutes "that are relevant to the *Prudholm* analysis." *See Anderson*, 394 S.W.3d at 541 (noting existence of other North Carolina offenses and their closer comparison to Texas offense of indecency with a child). Significantly, Louisiana defines "rape" as "the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent" where "[e]mission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime" and where "oral sexual intercourse" includes "touching" the victim's "anus or genitals" by the actor's "mouth or tongue" and "touching" the actor's "anus or genitals" by the victim's "mouth or tongue." LA. REV. STAT. ANN. § 14:41 (2012). This definition thus contains elements substantially similar to the "penetration" and "mouth"-to-"anus or sexual organ" contact proscribed by the Texas sexual assault statute. "Simple rape" in Louisiana is punishable by a maximum of 25 years' imprisonment, with or without hard labor. *Id.* § 14:43. "Forcible rape" in Louisiana carries a minimum of 5 and a maximum of 40 years' imprisonment "at hard labor." *Id.* § 14:42.1. Louisiana considers "rape" a more serious offense and

thus punishes "rape" offenders more harshly than sexual battery offenders.  *See State v. Duet*, 95-2446 (La. App. 1 Cir. 11/8/96), 684 So. 2d 64, 67–68 (noting sexual battery can be committed without offense falling within "rape" definition and penalty for sexual battery "is significantly less than the penalty for simple rape").  Overall, the elements and the class, degree, and punishment range of these Louisiana "rape" offenses "more closely mirror" the Texas offense of sexual assault.  *See Anderson*, 394 S.W.3d at 536–37.

Therefore, after considering all of the *Prudholm* factors, we conclude that the elements of the two offenses—Louisiana sexual battery and Texas sexual assault—are not substantially similar.

## D. Comparison to Texas offense of indecency with a child

After considering all of the *Prudholm* factors, we conclude that the Louisiana sexual battery and Texas indecency with a child statutes do contain substantially similar elements where the Louisiana victim is a child.

### 1. "High degree of likeness"

The Texas indecency with a child statute provides:

(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:

> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or

> (2) with intent to arouse or gratify the sexual desire of any person:

>> (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or

>> (B) causes the child to expose the child's anus or any part of the child's genitals.

> . . .

16

(b-1) It is an affirmative defense to prosecution under this section that the actor was the spouse of the child at the time of the offense.

(c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

(d) An offense under Subsection (a)(1) is a felony of the second degree and an offense under Subsection (a)(2) is a felony of the third degree.

TEX. PEN. CODE ANN. § 21.11 (West 2011). For purposes of the *Prudholm* analysis, we limit our comparison to the "child" elements of the Louisiana sexual battery statute—meaning where the victim is under fifteen and at least three years younger than the offender.[10] LA. REV. STAT. ANN. § 14:43.1(A)(2). The Texas offense specifically proscribes "sexual contact" with a child under seventeen. TEX. PEN. CODE ANN. § 21.11(a)(1). "Sexual contact," if committed with the intent to arouse or gratify "sexual desire" specifically includes "touching through clothing" and includes touching "the anus, breast, or any part of the genitals." *Id.* § 21.11(c).[11] There is no consent-related element. *Id.* § 21.11.

Both Texas indecency with a child and the "child" portion of Louisiana sexual battery prohibit the conduct of "touching"—including externally through

---

[10] The record reflects that at the time of his guilty plea for Louisiana sexual battery, appellant was 32 years old.

[11] The Texas offense also proscribes "exposure" of the actor's or the child's "anus" or "genitals" with the intent to arouse or gratify "sexual desire." TEX. PEN. CODE ANN. § 21.11(a)(2). The Louisiana sexual battery statute, however, is not directed at such "exposure" conduct. Thus, this type of offensive conduct and its punishment are not relevant to our inquiry. *See Brooks*, 357 S.W.3d at 787 n.8.

clothing—that involves specific "sexual" areas of the body. However, the "child" portion of Louisiana sexual battery is slightly more restrictive in that it limits the body parts at issue to the "anus or genitals" and does not proscribe "touching" involving the "breast." Both statutes allow for prosecution where the victim is a "child," regardless of consent. In other words, lack of consent is not a required element under either statute. The Louisiana statute limits prosecution to a "child" victim "who is not the spouse of the offender"; the Texas statute provides an affirmative defense for the spouse of the victim. Both statutes require intentional "touching" conduct, although the Texas statute further refines such intent as involving "sexual desire." The Texas statute is less restrictive in terms of age of the victim; the "child" portion of Louisiana sexual battery punishes such conduct involving a child under fifteen and requires that the offender be at least three years older than the victim, versus the Texas indecency with a child statute applies as long as the victim is under seventeen.[12]

We conclude that the differences in the elements (namely, body parts involved and age of victim) between the "child" portion of the Louisiana sexual battery statute and the Texas indecency with a child statute "are minor rather than major variations on the same punishable conduct: the sexually-motivated touching of children," and conclude that the first prong of *Prudholm* is met. *See Brooks*, 357 S.W.3d at 789 (concluding elements of Kansas aggravated sexual battery and Texas indecency with a child met first prong of *Prudholm* analysis).

---

[12] The Texas statute provides an affirmative defense where the actor is not more than three years older than the victim; of the opposite sex of the victim; did not use force or threats; and at the time of the offense was not registered, or was not required to register, as a sex offender. TEX. PEN. CODE ANN. § 21.11(b).

18

**2. "Individual or public interests protected and the impact of the elements on the seriousness of the offense"**

*a. "Interests protected"*

As in *Brooks*, the individual and public interests protected by the "child" portion of the Louisiana sexual battery statute and the Texas indecency with a child statute "are clear: to safeguard children from improper sexual conduct through sexually-motivated contact." *See* 357 S.W.3d at 790. The "child" portion of the Louisiana statute furthers this goal by criminalizing "touching" involving a child and either the child's or the offender's "anus or genitals." The Louisiana legislature thus seeks to protect against "sexually intrusive," intentional conduct directed toward children. *See Schenck*, 513 So.2d at 1162. The Texas statute furthers this goal by criminalizing "sexual contact" with a child, defined as involving either the child's or the actor's "anus, breast, or any part of the genitals," with the intent to arouse or gratify "sexual desire." *Brooks*, 357 S.W.3d at 790. Thus, both the "child" portion of Louisiana sexual battery and Texas indecency with a child seek to prevent substantially similar "dangers to society." *See Anderson*, 394 S.W.3d at 536.

*b. "Impact of the elements on the seriousness of the offense"*

The Texas offense of indecency with a child (involving "sexual contact") is a second-degree felony, punishable by two to twenty years' imprisonment. TEX. PEN. CODE ANN. §§ 12.33, 21.11. The Louisiana offense of sexual battery for both adult and "child" victims under fifteen is considered a felony and is punishable by imprisonment "with or without hard labor" for up to ten years. LA. REV. STAT. ANN. §§ 14:2, 14:43.1(C)(1). In addition, if the sexual battery "child" victim is under thirteen and the offender is at least seventeen, the punishment range increases to 25 to 99 years' imprisonment "with hard labor." *Id.* § 14:43.1(C)(2).

19

Thus, in Texas, a violator faces two to twenty years, while a violator in Louisiana faces either up to ten years possibly at hard labor, and if the "child" is under thirteen and he is at least seventeen, the violator faces 25 to 99 years at hard labor. Although the degree, class, and relative punishment ranges of the offenses are not identical, we conclude that they reflect "substantial similarity." *See Anderson*, 394 S.W.3d at 536.

Therefore, after considering all of the *Prudholm* factors, we conclude that the elements of the "child" portion of Louisiana sexual battery and Texas indecency with a child are substantially similar for purposes of section 12.42(c)(2).

### 3. No evidence that appellant's prior conviction was for sexual battery of a child

If appellant's prior conviction in Louisiana were for sexual battery of an adult, then the conviction would not be for a substantially similar offense. However, if appellant's prior conviction were for sexual battery of a child, then it would be for a substantially similar offense. There is no evidence in the record of the precise age of the victim, although the punishment range indicates that it was not a child under thirteen. While generally we do not focus on the specific conduct alleged, but rather on the elements of the offense, "sometimes, the specific conduct, as well as the elements, must be considered." *Id.* at 536 & n.21 (describing comparison of Oregon and Texas statutory rape statutes where age of alleged victim resulted in statutes not being substantially similar).

Here, during the punishment phase, appellant argued that "without some proof that you know he was convicted of an offense that involved . . . a child . . . , then you don't necessarily have proof that he's committed . . . the corresponding Texas offense[]" of indecency with a child.

Based on the record here, there is no evidence that the allegations

20

underlying appellant's conviction for sexual battery in Louisiana involved a child under fifteen, and thus we cannot conclude that his conviction contains elements substantially similar to Texas indecency with a child. We therefore conclude that the trial court erred in implicitly finding that appellant's prior conviction for Louisiana sexual battery is substantially similar to a Texas sexual offense enumerated in section 12.42(c)(2)(B). Thus, we sustain appellant's first issue.

Because the trial court imposed an automatic life sentence rather than considering the full range of punishment of 5 to 99 years' imprisonment or life for each of appellant's first-degree felony convictions for aggravated sexual assault of a child under fourteen, we remand to the court for a new sentencing hearing.

## IV.    CONCLUSION

Accordingly, we affirm the trial court's judgments of conviction, but we reverse the court's judgments as to punishment and remand the causes for a new punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West 2011).


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Jamison, and McCally.

Publish — TEX. R. APP. P. 47.2(b).