**Affirmed and Memorandum Opinion filed June 23, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00777-CR

_____

**LUKE WAYNE HILTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1408458**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Luke Wayne Hilton of burglary of a habitation and found true two enhancement allegations. The jury sentenced appellant to confinement for twenty-seven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his sole issue, appellant contends the evidence is legally insufficient to support the jury's finding that he was previously convicted of the two alleged enhancement offenses.

## STANDARD OF REVIEW

We apply a legal-sufficiency analysis in reviewing punishment enhancement, viewing the evidence in the light most favorable to the verdict and determining whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jordan v. State*, 256 S.W.3d 286, 289 (Tex. Crim. App. 2008); *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The trier of fact must look at the totality of the evidence admitted to determine whether those two elements were proven beyond a reasonable doubt. *Id*. at 921, 923.

## ANALYSIS

For punishment enhancement purposes, the State alleged appellant was convicted of aggravated robbery in cause number 0825876 and possession of a controlled substance in cause number 1194179. Appellant pleaded "not true" to both allegations. To prove the first enhancement, the State presented a judgment of conviction and a "jail card" for cause number 0825876 with a thumb print. To prove the second enhancement, the State presented a judgment of conviction and a "jail card" for cause number 1194179 with a thumb print. Roy Reed, a latent print examiner for the Harris County Sheriff's Office testified that he compared the

appellant's prints to the prints on both jail cards and they were a match. [1] Reed also testified that he could not compare appellant's prints to the judgments in each cause number because they were not clear enough.

Appellant contends that because Reed could not match appellant's prints to the judgments, the evidence is legally insufficient. Appellant claims that the jail card was not sufficient evidence to establish that appellant was the person convicted in either cause number.

The State may prove prior convictions through several means, one of which is by the introduction of certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying the fingerprints of the accused with known prints of the defendant. *Rios v. State*, 557 S.W.2d 87, 92 (Tex. Crim. App. 1977). In *Houser v. State*, 762 S.W.2d 219, 220 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd), the State introduced a certified copy of the judgment and sentence in cause number 327,549, styled The State of Texas v. Douglas Howard Houser. *Id.* The State also introduced testimony that the fingerprint taken at the time the defendant was booked into jail on that offense matched a known print of the defendant. *Id.* The defendant did not introduce any evidence that the jail card was an unreliable county record. *Id.* This court concluded the evidence sufficiently linked appellant to the prior conviction. *Id. See also Taylor v. State*, 947 S.W.2d 698, 707 (Tex. App.—Fort Worth 1997, pet. ref'd) (concluding the State established identity in the judgments and sentences in the two prior convictions by admitting into evidence a jail fingerprint card that had the defendant's fingerprints and the charges, by case number, of the two convictions).

---

[1] Appellant's brief contends the cause number on the jail card for the aggravated robbery conviction is illegible but Reed testified, without objection, it was 825876.

3

For each previous offense in this case, the State introduced certified copies of the judgment and sentence in each cause number and a jail card that had the defendant's prints and the charge and cause number. The jail cards were admitted into evidence as business records and were accompanied by an affidavit from the custodian of records for the Harris County Sheriff's Department and were filed with the court more than thirty days before trial. The State introduced testimony that the fingerprint on each jail card matched a known print of appellant.

We conclude that the evidence sufficiently linked appellant to the prior convictions. *See Flowers*, 220 S.W.3d at 925. The jury, as a reasonable trier of fact, could have found appellant's enhancement paragraphs to be "true" beyond a reasonable doubt. *See Castle v. State,* 402 S.W.3d 895, 900 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Therefore, the evidence is legally sufficient to support the jury's finding and we overrule appellant's issue.

The judgment of the trial court is affirmed.


/s/     Tracy Christopher
        Justice



Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).