**899·15**

ORIGINAL

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

_____

LUKE WAYNE HILTON

VS.

THE STATE OF TEXAS

_____

No. 14-14-00777-CR

IN THE COURT OF APPEALS FOR
THE FOURTEENTH COURT OF APPEALS DISTRICT
OF TEXAS

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

FILED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

LUKE WAYNE HILTON
Telford Unit
3899 State Hwy 98
New Boston, Texas 75570

(Pro Se)

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 18 2015

Abel Acosta, Clerk

# INDEX

LIST OF AUTHORITIES........................................ii

STATEMENT OF CASE..........................................1

STATEMENT OF PROCEDURAL HISTORY............................2

GROUNDS FOR REVIEW........................................2


    I.      DID THE COURT OF APPEALS ERROR IN HOLDING THAT
           THE EVIDENCE SUFFICIENTLY LINKED APPELLANT TO
           THE PRIOR CONVICTIONS?................................2


REASONS FOR REVIEW........................................2

STATEMENT REGARDING ORAL ARGUMENT........................7

PRAYER FOR RELIEF........................................7

APPENDIX................................................8

CERTIFICATE OF SERVICE..................................8

# LIST OF AUTHORITIES

**CASES**                                                             **Pages**

Flowers v. State, 220 S.W.3d 919, 921 (Tex.Crim.App. 2007)........2,6

Elizalde v. State, 507 S.W.2d 749, 752 (Tx.Cr.App. 1974)..........4

Alridge v. State, 732 S.W.2d 395, 397 (Tex.App.-Dallas 1987)......4

Franklin v. State, 227 S.W.2d 814, 815 (Tx.Cr.App. 1950)..........4

Phariss v. State, 149 S.W.2d 1007 (Tx.Cr.App. 1946)..............5

Potter v. State, 128 S.W.2d 817 (Tx.Cr.App. 1939).................5

Beck v. State, 719 S.W.2d 205, 209 (Tx.Cr.App. 1986)..............6

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

LUKE WAYNE HILTON

VS.

THE STATE OF TEXAS

---

Petition in Cause No. 1408458 from the
228th Judicial District Court of Harris County,
Texas, and No. 14-14-00777-CR in the Court of
Appeals for the Fourteenth Court of Appeals
District of Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Luke Wayne Hilton petitions the Court to review the judgment and opinion affirming conviction in Cause No. 1408458.

## STATEMENT OF CASE

Appellant is appealing from judgment and conviction for the felony offense of burglary of a habitation and sentenced to 27 years imprisonment. The petitioner, after a plea of not guilty, was found guilty by the jury, on September 18, 2014. Appellant filed timely Notice of Appeal and was appointed counsel. (C.R. at 124).

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals rendered its decision affirming the judgment of the trial court on June 23, 2015. Motion to extend time to file P.D.R. was granted by this court. Time to file P.D.R. was extended to August 23, 2015.

## GROUND FOR REVIEW

I. Did the Court of Appeals error in holding that the evidence sufficiently linked Appellant to the prior convictions?

## REASONS FOR REVIEW

The Court of Appeals, did not correctly apply the standard to review to establish that a defendant has been convicted of a prior offense. The Court of Appeals has decided an important question of state law in a way that conflicts with the decision of the Court of Criminal Appeals in **Flowers v. State,** 220 S.W.3d 919, 921 (Tex.Crim.App. 2007).

The opinion of the Court of Appeals in this case notes that the evidence sufficiently linked appellant to the prior convictions. The jury, as a reasonable trier of fact, could have found appellant's enhancement paragraphs to be "true" beyond a reasonable doubt. Therefore, the evidence is legally sufficient to support the jury's finding.

Appellant argues that this indictment contains two enhancement paragraphs.

2

The first paragraph alleges that Hilton had been convicted in cause number 825876 of the felony offense of aggravated robbery. The second paragraph alleges a felony conviction for possession of a controlled substance in cause number 1194179. Hilton pleaded not true to both paragraphs.

The State offered into evidence Exhibit 21, Exhibit 22, Exhibit 29, and Exhibit 30. Exhibit 21 is a judgment of conviction for the third degree felony offense of possession of cocaine in cause number 1194179 with a sentence of 2 years in the Institutional Division of the Texas Department of Criminal Justice. Exhibit 22 is a judgment of conviction in cause number 825876 for the first degree felony offense of aggravated robbery with a sentence of nine (9) years in the Institutional Division of TDCJ. Exhibit 29, called a jail card, contains the cause number 1194179 and a thumprint. Exhibit 30, also a jail card, contains an illegible cause number and a thumprint.

Mr. Roy Reed took Hilton's fingerprints during the trial and compared them to State's Exhibit 29 and State's Exhibit 30, certified copies of the jail cards that contained existing fingerprints allegedly for Hilton. In comparing the trial fingerprints to those on the jail cards, Mr. Reed testified that they contain the fingerprints of Mr. Hilton. Mr. Reed also reviewed Dtate's Exhibit 21 and State's Exhibit 22 which consisted of the judgments and sentences in cause numbers 1194179 and 825876 respectively. However, Mr. Reed was not able to compare the prints on the documents with the prints he obtained that day from Mr. Hilton because the prints on the documents were not clear enough.

Although Mr. Reed testified that the cause number on State's Exhibit 22 was the same as the cause number on State's Exhibit 30 and also that the cause number

3

on State's Exhibit 21 was the same as the cause number on State's Exhibit 29, he was unable to explain the significance of the jail card. When questioned about what a jail card is, he indicated that he had never worked in a jail and he did not know. There is no evidence that the person whose fingerprints appear on the jail record is the same as the person named in the records. In **Daniel v. State,** 585 S.W.2d 688, 689 (Tex.Crim.App. 1979), the witness testified that it is the normal course of business in "booking-in" jail inmates for the Sheriff's office to preserve on a "jail card" the name and brief description of the person, the charge against him and "any number pertaining to that charge." Thereafter, the jail card goes to the Identification Bureau where the person's right index finger-print is placed on the card. When the person is released from jail, another right index fingerprint is placed on the card "to assure that the same person that entered the jail is the same person that left." Absent such testimony, there is no proof that the fingerprints on the cards are those of the person named on the cards. **Elizalde v. State,** 507 S.W.2d 749, 752 (Tex.Crim.App. 1974; see also **Alridge v. State,** 732 S.W.2d 395, 397 (Tex.App.-Dallas 1987, no pet.).

In **Franklin,** the appellant was charged by information with the offense of transporting whiskey in a dry county. The indictment further alleged that she had twice previously been convicted of like offense. **Franklin v. State,** 227 S.W.2d 814, 815 (Tex.Crim.App. 1950). In its charge to the jury, the court authorized the enhancement of punishment in the event the jury convivted appellant and found that she had been so previously convicted. **Id.** It was stipulated that Yvonne Franklin and Viola Ducrest was one and the same person. **Id.** The State introduced into evidence certified copies of two judgments of conviction as described

4

in the indictment against Viola Ducrest. **Id.** There was no testimony or stipulation that Yvonne Franklin was the same Viola Ducrest who was the defendant in the previous convictions. **Id.** In that case, the Court of Criminal Appeals held that the certified copies of the judgments of conviction alone were not sufficient to establish beyond a reasonable doubt that the enhancement paragraphs were true. **Id.**

In **Phariss,** to sustain the allegations of prior convictions, the State relied alone upon a certified copy of the judgment of conviction. **Phariss v. State,** 149 S.W.2d 1007 (Tex.Crim.App. 1946). The Court of Criminal Appeals held that this method was not sufficient. **Id.** The accused must be identified as the one and same person who had been previously convicted. See also **Potter v. State,** 128 S.W.2d 817 (Tex.Crim.App. 1939). The facts being insufficient to sustain the allegation of a prior conviction, the trial court erred in instructing the jury as to the enhancement and the conviction was reversed and the case remanded to the trial court.

In this case, the State provided insufficient evidence to prove that the individual whose name appeared on the jail card was the same individual who provided the finger print. The business records affidavit associated with the jail cards alleged that according to the custodian of records from the Harris County Sheriff's Department, the records were kept in the regular course of business by an employee or representative with "knowledge of the act, event, condition, opinion, or diagnosis, recorded" and such recording was made "at or near the time or reasonably soon thereafter." (C.R. at 62). When asked by the State what a jail card is, Mr. Reed responded that he did not "know for sure"

5

because he "never worked in the jail." (5RR. at 9-10). In addition, Mr. Hilton's finger prints obtained by Mr. Reed during trial were not admitted into evidence. The jury could not have considered these prints in determining that the enhancement paragraphs were "True." Therefore, the jury could not have looked at the jail cards and concluded that the fingerprints must be that of Mr. Hilton, or the person named on the card.

In viewing the evidence in the light most favorable to the State, no rational trier of fact could have found beyond a reasonable doubt that the evidence was sufficient to support the alleged prior convictions. The State failed to establish that the fingerprints on the jail cards are those of the person convicted of the offenses as alleged in the second and third paragraphs of the indictment. Mr. Reed's testimony that the fingerprints on the jail cards match those of Mr. Hilton taken at trial is insufficient to prove that the person named in the prior convictions is the same person as Mr. Hilton. Because the evidence is insufficient to prove the two prior convictions as alleged in the indictment; this case should be reversed and remanded. See **Flowers v. State,** 220 S.W.3d 919, 921 (Tex. Crim.App. 2007); **Beck v. State,** 719 S.W.2d 205, 209 (Tex.Crim.App. 1986).

If the Court of Appeals followed the standard set out by this Court in the **Flowers** case, then the appellant's conviction would be reversed due to review of legal sufficiency of the prior convictions.

For all of the above reasons, the Court of Appeals did not correctly apply the standard to review sufficiency of the prior convictions as required by this Court in **Flowers v. State,** and the record reflects that a correct application of the standard would result in reversal of the conviction. This Court should grant

6

Petition for Discretionary Review to encourage the Court of Appeals in the Fourteenth District and other districts to correctly follow the standards set out in the **Flowers** case, including the duty to prove that the defendant is the same person convicted of the prior felonies, which will serve to provide predicate for the enhancement of punishment, as in this case and as in the **Flowers** case.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully request oral argument in this case.

## PRAYER FOR RELIEF

For the reasons noted above, Petitioner Luke Wayne Hilton respectfully prays that this Court grant this petition and upon reviewing the judgment and opinion of the Court of Appeals entered below, reverse this cause and set aside the judgment and sentence. Petitioner further respectfully prays for such other and further relief to which he may be entitled under the laws and Constitution of the United States of America and the laws and Constitution of the State of Texas.

Respectfully submitted,

*Luke W. Hilton*

LUKE WAYNE HILTON #1956994
Telford Unit
3899 State Hwy 98
New Boston, Texas 75570

(Pro Se)

7

## APPENDIX

True and correct copies of the Judgment and Opinion of the Court of Appeals for the Court of Appeals for the Fourteenth Appellate District of Texas are attached hereto.

## CERTIFICATE OF SERVICE

This is to certify that copies of the above entitled and numbered Petition for Review have been served upon both the District Attorney of Harris County, Texas, and the State Prosecuting Attorney by delivery of a true copy to them by mail, by depositing the same, post-paid in an official depository under the care and custody of the U.S. Postal Service on the 6th day of Aug. 2015, and addressed as follows:

Ms. Abigaile Anastasio
Assistant District Attorney
Harris County
SBN 24078142
1201 Franklin St., 6th fl.
Houston, Texas 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

Luke W. Hilton
_____
LUKE WAYNE HILTON

8

Affirmed and Memorandum Opinion filed June 23, 2015.



In The

# ᚠourteenth Court of Appeals

---

## NO. 14-14-00777-CR

---

### LUKE WAYNE HILTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1408458**

---

## MEMORANDUM OPINION

A jury convicted appellant Luke Wayne Hilton of burglary of a habitation and found true two enhancement allegations. The jury sentenced appellant to confinement for twenty-seven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his sole issue, appellant contends the evidence is legally insufficient to support the jury's finding that he was previously convicted of the two alleged enhancement offenses.

## STANDARD OF REVIEW

We apply a legal-sufficiency analysis in reviewing punishment enhancement, viewing the evidence in the light most favorable to the verdict and determining whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jordan v. State*, 256 S.W.3d 286, 289 (Tex. Crim. App. 2008); *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The trier of fact must look at the totality of the evidence admitted to determine whether those two elements were proven beyond a reasonable doubt. *Id.* at 921, 923.

## ANALYSIS

For punishment enhancement purposes, the State alleged appellant was convicted of aggravated robbery in cause number 0825876 and possession of a controlled substance in cause number 1194179. Appellant pleaded "not true" to both allegations. To prove the first enhancement, the State presented a judgment of conviction and a "jail card" for cause number 0825876 with a thumb print. To prove the second enhancement, the State presented a judgment of conviction and a "jail card" for cause number 1194179 with a thumb print. Roy Reed, a latent print examiner for the Harris County Sheriff's Office testified that he compared the

2

appellant's prints to the prints on both jail cards and they were a match. [1] Reed also testified that he could not compare appellant's prints to the judgments in each cause number because they were not clear enough.

Appellant contends that because Reed could not match appellant's prints to the judgments, the evidence is legally insufficient. Appellant claims that the jail card was not sufficient evidence to establish that appellant was the person convicted in either cause number.

The State may prove prior convictions through several means, one of which is by the introduction of certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying the fingerprints of the accused with known prints of the defendant. *Rios v. State*, 557 S.W.2d 87, 92 (Tex. Crim. App. 1977). In *Houser v. State*, 762 S.W.2d 219, 220 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd), the State introduced a certified copy of the judgment and sentence in cause number 327,549, styled The State of Texas v. Douglas Howard Houser. *Id.* The State also introduced testimony that the fingerprint taken at the time the defendant was booked into jail on that offense matched a known print of the defendant. *Id.* The defendant did not introduce any evidence that the jail card was an unreliable county record. *Id.* This court concluded the evidence sufficiently linked appellant to the prior conviction. *Id. See also Taylor v. State*, 947 S.W.2d 698, 707 (Tex. App.—Fort Worth 1997, pet. ref'd) (concluding the State established identity in the judgments and sentences in the two prior convictions by admitting into evidence a jail fingerprint card that had the defendant's fingerprints and the charges, by case number, of the two convictions).

---

[1] Appellant's brief contends the cause number on the jail card for the aggravated robbery conviction is illegible but Reed testified, without objection, it was 825876.

3

For each previous offense in this case, the State introduced certified copies of the judgment and sentence in each cause number and a jail card that had the defendant's prints and the charge and cause number. The jail cards were admitted into evidence as business records and were accompanied by an affidavit from the custodian of records for the Harris County Sheriff's Department and were filed with the court more than thirty days before trial. The State introduced testimony that the fingerprint on each jail card matched a known print of appellant.

We conclude that the evidence sufficiently linked appellant to the prior convictions. *See Flowers*, 220 S.W.3d at 925. The jury, as a reasonable trier of fact, could have found appellant's enhancement paragraphs to be "true" beyond a reasonable doubt. *See Castle v. State*, 402 S.W.3d 895, 900 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Therefore, the evidence is legally sufficient to support the jury's finding and we overrule appellant's issue.

The judgment of the trial court is affirmed.

/s/     Tracy Christopher
Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

4