## V. V. MUSICK v. THE STATE.

No. 10581.   Delivered February 9, 1927.

Rehearing denied March 9, 1927.

**1.—Perjury—Evidence—Cumulative—Harmless, if Error.**

Where, on a trial for perjury, predicated upon false testimony given by appellant upon the trial of a divorce case against his wife, numerous bills of exception complain of the introduction of the court records of the proceedings had on the trial of the divorce case, no merit is discovered in these bills, this record discloses that all of the facts shown by these records were testified to from other sources without objection by appellant, and if error, their admission was harmless. See Campbell v. State, 89 Tex. Crim. Rep. 243; Flores v. State, 89 Tex. Crim. Rep. 506, and Emmons v. State, 273 S. W. 253.

**2.—Same—Confessions of Accused—Properly Admitted.**

Where appellant complains of the introduction of that part of his written confession stating that he had a boy about three years old, and that shortly after he left his wife at Wichita Falls, he began living in adultery with a woman by the name of Warren in Fort Worth, these same facts having been testified to by other witnesses without objection, no error is shown in the admission of the confession.

**3.—Same—Evidence—Of Wife—No Error Shown.**

Where the state introduced the supposed former wife of appellant, and during her examination it was disclosed that she was still his wife, the

divorce granted him having been set aside, whereupon the trial court refused to permit said witness to testify further, there being abundance of testimony from other sources to the facts testified to by her, no error is shown.

### 4.—Same—Bill of Exception—Incomplete—No Error Shown.

Where a bill of exceptions complains of the refusal of the court to permit appellant to prove statements and advice given him by his attorney in his divorce case against his wife, but such bill fails to set out what he expected to prove by said witness, the bill is incomplete, because this court cannot determine from the bill itself the supposed error complained of. Following Hill v. State, 230 S. W. 1005; Thompson v. State, 234 S. W. 401; Nugent v. State, 273 S. W. 599.

### 5.—Same—Evidence—Showing Motive—Properly Admitted.

Where, on a trial for perjury, predicated upon false testimony of appellant, given upon the trial of his divorce case, there was no error in permitting the state on his cross-examination to prove by him that at the time of his divorce trial, he was living in adultery with one Ina Warren in Fort Worth, and that he married her as soon as the divorce was granted. This evidence was properly received as establishing motive.

### 6.—Same—Evidence—Impeaching the Defendant—Properly Admitted.

Where the state was permitted to introduce the statement of facts containing the appellant's testimony given upon his divorce trial, and same was introduced solely as impeaching the testimony of appellant given upon the trial of this case, and was properly limited to impeaching purposes by the court in his charge, no error is shown.

### 7.—Same—Evidence—Negative Answer—No Error Shown.

Where appellant, on his cross-examination, was asked several questions, all of which he answered in the negative, no error is presented. This court holds that where improper questions are asked and a negative answer is given, same is not ordinarily error. Following Ard v. State, 276 S. W. 263.

ON REHEARING.

### 8.—Same—Charge of Court—On Quantum of Proof—Rule Stated.

Where, on a trial for perjury, in the absence of a request or exception made at the time of the trial, the failure of the court to instruct the jury upon the quantum of proof required to establish the offense of perjury is not available on appeal. Under our present statute, Art. 666, C. C. P., of 1925, an omission in the charge of the nature mentioned, is waived unless the trial court's attention is called to it, before the charge is read to the jury. See Vernon's P. C., 1925, Vol. 2, p. 328, note 58; Bradford v. State, 86 Tex. Crim. Rep. 237, and other cases cited.

### 9.—Same—Continued.

However, on a trial for perjury, the failure of the state to make proof of the falsity of the statement by two credible witnesses, or one credible witness strongly corroborated by other evidence, would be available to the accused on a complaint of the insufficiency of the evidence. In the instant case the corroborating evidence embraced in appellant's confession is sufficient to comply with the statute. Following Butler v. State, 36 Tex. Crim. Rep. 483, and other cases collated in Vernon's C. C. P., 1925, p. 803, note 4.

**10.—Same—Evidence—Held Sufficient.**

The indictment in this case predicates perjury upon testimony of appellant given upon the trial of a divorce suit against his wife to the effect that he did not, at the time, know the whereabouts of his wife, and had not seen her for several years. This testimony was a material issue upon the divorce trial. He admitted in a written confession that it was false. Its falsity was also testified to by the witness, L. F. Miller, and is sufficient to support the verdict.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of perjury, penalty three years in the penitentiary.

This is the second appeal of this case; the former appeal will be found in 272 S. W. 170, where a sufficient statement of the facts is given.

*Harry Meyers* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of perjury, and his punishment assessed at three years in the penitentiary.

This is the second appeal of this case to this court; the former appeal will be found in 272 S. W. 170, where a sufficient statement of the facts is given.

The record contains twenty-four bills of exception, the number of which precludes a separate consideration of each bill. Bill No. 1 complains of the refusal of the court to sustain appellant's motion to quash the indictment. There is no error shown in the ruling of the court on this issue.

Bills Nos. 2, 3, 4 and 5 complain of the action of the court in permitting the state to reproduce the testimony of Judge Terrell, deceased, given on the former trial to the effect that the citation in the divorce proceedings between appellant and his wife was by publication, and that same was a civil suit and the issues were joined therein, appellant's contention being that said testimony was not the best evidence. The record discloses that the petition and affidavit for citation by publication were afterward introduced in evidence, which would render the evidence complained of in this bill harmless, even if the admission thereof was error.

Bill No. 6 complains of the action of the court in permitting the state to introduce the affidavit of appellant for citation by

publication.   There is no merit in this contention, and if any error was shown same would become harmless on account of other testimony of the same character being introduced without objection.   Campbell v. State, 89 Tex. Crim. Rep. 243, 230 S. W. 695; Flores v. State, 89 Tex. Crim. Rep. 506, 231 S. W. 786; Emmons v. State, 273 S. W. 253.

Bills Nos. 7, 8 and 9 complain of the action of the court in permitting the state to introduce in evidence the written confession of the appellant, and especially that portion of same stating that appellant had a boy about three years old, and that shortly after he left his wife at Wichita Falls he began living in adultery with a woman by the name of Warren, the objection being that said portions of the confession were prejudicial and immaterial.   The same character of evidence was introduced from other witnesses without objection, and what we have said with reference to bills Nos. 2, 3, 4 and 5 fully applies to these bills.

Bill No. 10 complains of the action of the court in permitting the state to prove by appellant's wife that she had lived in Wichita Falls for ten years, with exception of two years, when she lived in the town of Bowie, and that the appellant was her husband.   This bill discloses that as soon as this witness testified that she was the wife of appellant, the court, upon inquiry of said witness, discovered that the judgment in the divorce proceedings granted appellant by Judge Terrell, had afterward been set aside and refused to permit the state to interrogate said witness further.   No request was made to withdraw this testimony from the jury.   This bill, as presented, shows no error. There was an abundance of testimony from other sources, introduced without objection, as to the residence of the appellant's wife and to the same effect as testified to by her.

Bill No. 12 complains of the action of the court in permitting the state to introduce the judgment in the divorce proceedings between appellant and his wife wherein the divorce was granted by Judge Terrell, deceased, to the appellant, the grounds of objection being that same was prejudicial and immaterial.   This bill, as presented, shows no error.   The matters set out in said judgment were fully testified to by other witnesses, without objection, and if any error was committed in the admission of same, it was harmless.   The appellant's objection was not to any particular portion of said judgment and was too general.   See Spearman v. State, 68 Tex. Crim. Rep. 449, 152 S. W. 915.

Bill No. 14 complains of the refusal of the court to instruct the jury not to consider the testimony of the appellant's witness,

Fuller, to the effect that he was appointed by the court to represent the defendant cited by publication in the divorce proceedings, appellant contending that the order on the minutes of the court would be the best evidence of his appointment. Other testimony to the same effect as that complained of in this bill is in the record without objection, and there is no error shown in this bill.

What we have said with reference to bill No. 14 fully applies to bill No. 15.

Bill No. 17 complains of the refusal of the court to permit appellant to prove by the attorney, C. H. Rogers, who represented him in the divorce proceedings, what advice or counsel the witness gave to the appellant relative to the divorce suit in question. This bill is defective in that it fails to show what the appellant expected to prove by said witness. This court has repeatedly held that such bills will not be considered where the court cannot determine from the bill itself the supposed error complained of. Hill v. State, 230 S. W. 1005; Thompson v. State, 234 S. W. 401; Nugent v. State, 273 S. W. 599.

Bill No. 19 complains of the action of the court in permitting the state to prove by appellant on cross-examination that he was living in adultery with Ina Warren in Fort Worth during the pendency of the divorce suit against his wife. There is no error shown in this bill. There was other testimony to the same effect introduced in evidence without objection thereto, and, besides, under the facts in this case, this testimony was admissible to show motive, and to rebut appellant's contention that the divorce proceedings were based on the misconduct of his wife, and especially in view of appellant's marriage to said Ina Warren soon after the divorce was granted.

Bills Nos. 18 and 21 complain of the action of the court in permitting the state, on cross-examination of the appellant's witness, C. H. Rogers, to read from the statement of facts prepared and signed by said Rogers in connection with the divorce proceedings, the statement being to the effect that the appellant testified therein that he had not seen his wife for several years and did not know where she was. Appellant also objected to the introduction of the statement of facts by the state in evidence to the jury. The appellant objected to said testimony because same involved hearsay acts and declarations not binding on him. In the former appeal, this court held that this evidence was admissible for impeaching purposes, but that the court should limit same to the purposes for which it was introduced. In the instant

case the trial court followed the direction of this court in the former appeal, and consequently no error is shown in this bill.

Bill No. 20 complains of the action of the court in permitting the state, on cross-examination of the appellant, to ask him if it were not a fact that at the time he was arrested and brought to the courthouse and saw his wife, he broke down and admitted the whole thing and stated that he lied in order to get a divorce and marry Ina Warren, all of which was answered in the negative by the appellant. This court holds that where improper testimony is attempted to be elicited and a negative answer is given, same ordinarily is not error. Ard v. State, 276 S. W. 263. However, the same character of testimony sought to be elicited from the appellant was embraced in appellant's written confession which was introduced by the state in evidence to the jury.

We have carefully examined the entire record, and failing to find any reversible error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the absence of a request or exception made at the time of the trial, the failure of the court to instruct the jury upon the quantum of proof required to establish the offense of perjury is not available upon appeal. The precedents cited by the appellant upon the subject are controlled by the statute as it formerly existed. Under the present statute, Art. 666, C. C. P., 1925, an omission in the charge of the nature mentioned is waived unless the trial court's attention is drawn to it before the charge is read to the jury. See collation of authorities in Vernon's Tex. P. C., 1925, Vol. 2, p. 328, note 58; also Medford v. State, 86 Tex. Crim. Rep. 237; Joiner v. State, 89 Tex. Crim. Rep. 408; Ardry v. State, 90 Tex. Crim. Rep. 167; Howard v. State, 90 Tex. Crim. Rep. 164, and numerous other cases collated in the reference made above.

The fault of which complaint is made, that is, the absence of proof of perjury by two credible witnesses or one credible witness strongly corroborated by other evidence as to the falsity of the statement of the accused under oath would be available on

the complaint of the insufficiency of the evidence. However, in the present case, the corroborating evidence embraced in the appellant's confession is sufficient to comply with the statute. See Butler v. State, 36 Tex. Crim. Rep. 483, and other cases collated in Vernon's Tex. C. C. P., 1925, p. 803, note 4.

Appellant insists that in the treatment of bill of exceptions No. 10 in the original opinion, this court was in error. The false testimony upon which the indictment is based is that on the trial of a suit for divorce in the District Court of Tarrant County in which the appellant was plaintiff and Grace Musick was defendant, he falsely testified as follows:

"I have resided in Tarrant County for three years just before this suit. I have not seen my wife for several years, and do not know where she is. I tried to find out, but no one seems to know. She was very cruel to me, and often called me vicious names. One night when I came home from work I saw my wife get into an automobile with some other men and drive away."

In the written confession which is found in the statement of facts, appellant said:

"I left my wife in Wichita Falls on the night of March 3, 1923, who was at that time living at 304 Elm street, where we had been living for something over a year. * * * She has a father and three brothers living in Wichita Falls, Texas."

In his confession he makes it clear that a few days after leaving Wichita Falls he came to Fort Worth and was employed in a dry goods store; that he became enamored with a woman who worked in the store; that on the 14th day of April he sought the advice of an attorney about a divorce from his wife, and on the 27th of April he filed his petition for a divorce. He also stated in the confession that he had last seen his wife in Wichita Falls on March 3, 1923, and had had frequent letters from her since that time and up to the time of the divorce, at which time he gave the testimony upon which the prosecution is founded.

L. F. Miller testified that he had resided in Wichita Falls for fifteen years prior to December, 1923, when he moved to Vernon, his present residence; that Grace E. Musick was his sister; that she had lived in Wichita Falls during the years 1922 and 1923; that he boarded with the family and had seen the appellant there during the spring of 1923 at his home where he and his wife lived.

The fact that the appellant's wife resided in Wichita Falls was not controverted on the trial further than that the appellant testified that at the time his divorce was obtained he left Wichita Falls and that at that time he did not know the whereabouts of

his wife, Grace Musick. The evidence shows that after she left Wichita Falls, she went to Bowie, which was in Montague County, Texas. There was much other evidence in the appellant's testimony showing that the place of residence of his wife was in Wichita Falls, and that he was in communication with her; that he also knew the place of residence of her relatives, including her brother in Wichita Falls. He stated that he had written her some letters which she had not answered. As the record appears, we think that no harmul error was committed in the matter of which complaint is made in bill No. 10.

The other points raised in the motion for rehearing have received attention on the original submission.

The motion is overruled.                    *Overruled.*