YVONNE FRANKLIN, *alias* VIOLA DUCREST V. STATE.

No. 24704. March 15, 1950.

*Justice, Moore & Justice*, by *Wm. Wayne Justice*, Athens, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by complaint and information with the offense of transporting whiskey in a dry area "in an automobile on a public highway," and for the purpose of seeking enhancement of the punishment as provided by Art. 61, P. C., it was alleged that she had been previously convicted of a like offense of transporting intoxicating liquor in a dry area, and prior to that offense, of the offense of possession for the purpose of sale of intoxicating liquor in a dry area.

The court, in his charge to the jury, authorized the enhancement of the punishment in the event the jury convicted appellant and found that she had been so previously convicted. Appellant was found guilty by the jury and her punishment was assessed at a fine of $400.

Appellant excepted to the charge submitting the enhancement of punishment, on the ground that there was no evidence to raise the issue.

It was stipulated that Yvonne Franklin and Viola Ducrest was one and the same person, and the state introduced in evidence certified copies of two judgments of conviction as described in the information and complaint against Viola Ducrest.

There was no testimony or stipulation that appellant was the same Viola Ducrest who was the defendant in such previous convictions.

The certified copies of the judgments of conviction alone are not sufficient. The accused must be identified as the person who was so convicted. See Phariss v. State, 149 Tex. Cr. R. 406, 194 S. W. 2d 1007, and cases there cited.

It was therefore error for the court to instruct the jury to enhance the punishment, there being insufficient proof of the prior convictions alleged. See 12 Tex. Jur. 800, Sec. 407.

The judgment is therefore reversed and the cause remanded.

Opinion approved by the court.