Donald L. GARRETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 37506.

Court of Criminal Appeals of Texas.

Jan. 27, 1965.

Rehearing Denied March 10, 1965.

Joe S. Moss, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is false swearing; the punishment, two years.

The indictment set out a statement of Donald L. Garrett subscribed and sworn to before William A. Gee, Notary Public of Harris County, Texas on November 10, 1959.

The affidavit related to an accident which occurred on November 6, 1959, in which an automobile in which the affiant was a passenger, stopped for the traffic light at an intersection, was struck from the rear by a truck, the accident resulting in personal injury to the affiant.

The affidavit contained the statement alleged to be false: "I have never had an injury of any kind before this nor have I ever had a claim before," and the indictment alleged that in truth and in fact ap-

pellant "had theretofore on or about the 28th day of October, 1959, made a claim for personal injuries allegedly received by him, the said Donald L. Garrett, on the 21st day of October, 1959, when allegedly involved in a collision with a motor vehicle in Denver, Colorado."

Appellant's first ground for reversal relates to the overruling of his exception and motion to quash the indictment.

■ The contention is advanced that the allegation of the indictment that appellant swore he never HAD a claim before was not traversed by the allegation that in truth and in fact he had theretofore MADE a claim for personal injuries.

■ We find no merit in this attack upon the indictment. If appellant in truth and in fact had theretofore asserted a right and made a claim for personal injuries, then his averment that he never had a claim before was necessarily false. This is true whether either claim was valid or not.

The state introduced evidence including the voluntary confession of the appellant from which the jury was warranted in finding that appellant made the affidavit set out in the indictment in connection with a claim for damages he claimed to have received in a staged fake automobile collision and swore: "I have never had an injury of any kind before this nor have I ever had a claim before," whereas he had previously staged a similar "accident" in Colorado and had received money from Liberty Mutual Insurance Co.

In his confession appellant admitted that he had staged the fake accidents and that the statement he made under oath that he had never had a claim before was false and he knew it was false at the time he signed it.

■ Appellant questions the sufficiency of the evidence to comply with Art. 723, C.C.P. which provides that in trials for perjury or false swearing, no person shall be convicted except upon the testimony of two credible witnesses, "or of one credible witness corroborated strongly by other evidence as to the falsity of the defendant's statement under oath, or upon his own confession in open court."

William A. Gee, Insurance Adjuster and Notary Public in and for Harris County, Texas, testified as to the making and signing of the affidavit before him by the appellant. He testified that he questioned appellant closely and he answered several times that he had never had an injury nor a claim before.

The affidavit described in the indictment was identified by Mr. Gee and introduced in evidence.

In addition to appellant's full description of the faked accident in Colorado and his claim for damages, the state called as a witness Jerry L. Slagle, Claims Adjuster for The Liberty Mutual Insurance Company, who identified the appellant as the person with whom he had a conversation and discussion in October, 1959, in which appellant told him he had been hurt in an automobile accident which occurred in Denver and was presenting a claim to his company for bodily injury and property damage. He testified that appellant was paid some $750 for damage to the rear end of his car and for personal injuries.

We overrule appellant's contention that the evidence is insufficient in view of Art. 723, C.C.P. Musick v. State, 106 Tex. Cr.R. 207, 292 S.W. 223.

■ The state was not required to produce written records as to the claim about which the witness Slagle testified. The fact that a claim was made, not its contents, was the purpose of Mr. Slagle's testimony.

Appellant's confession was introduced without any issue being made or suggested as to the state's proof that it was voluntarily made. The state did not introduce

the portion of said confession which reads: "At the time I signed the statement, I did not know this adjuster was a notary public." This portion of the confession was offered by the defense and the confession was admitted in evidence without objection. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, has no application.

 Appellant complains of the failure of the trial court to instruct the jury to the effect that he should be acquitted if the jury believed or had reasonable doubt that he did not know he was being sworn to the statement or did not know that the adjuster was a notary public. We are cited to no authority and know of none which supports this contention.

The court, in his charge, required the jury in order to convict to find beyond a reasonable doubt that appellant personally appeared before William Gee, a duly appointed and qualified notary public in and for Harris County, Texas, who was then and there duly authorized as such officer to administer oaths and that appellant, having been duly sworn by said William Gee, did then and there wilfully, deliberately and unlawfully under sanction of said oath so legally administered to him by said William Gee, make the affidavit and that the statements therein: "I have never had an injury of any kind before this nor have I ever had a claim before," were deliberately and wilfully made and were wilfully and deliberately false as he then and there well knew and in truth and in fact he had theretofore on or about October 28, 1959, made a claim for personal injuries allegedly received by him when allegedly involved in a collision with a motor vehicle in Denver, Colorado.

The remaining ground for reversal relates to the overruling of appellant's plea of former conviction based upon his conviction in Federal Court on his plea of guilty, which concerned his schemes and devices to defraud insurance companies.

The claimed error is not before us for consideration. It is not presented by formal bill of exception or by an informal bill under the provisions of Art. 760e, Vernon's Ann.C.C.P., which relates only to the motions therein named.

If before us, we find no merit in the claim of former conviction, both because the offense in Federal Court is not shown to be the same offense as the offense of false swearing, and because a prosecution in State Court is not barred by a conviction in Federal Court involving the same act. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729; Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684.

No reversible error appearing, the judgment is affirmed.