**Paul Dan FOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37658.**

Court of Criminal Appeals of Texas.

Feb. 3, 1965.

David Y. White, (on appeal only), Joan Whitaker, (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and Joe Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to murder with two prior felony convictions alleged for enhancement; the punishment, life.

Mrs. Abbott, the wife of the injured party, testified that on the night in question she was alone at home with her child, that she saw appellant standing outside a sliding glass door on her upstairs balcony, that she fled the apartment with her child and went to the next door apartment where she called the police and her husband. She stated that a short while thereafter she heard a lot of noise coming from her apartment, then heard her husband "hollering" outside of her apartment and when she got to him "His head was split open and there was blood all down his shirt and face."

Her husband testified that in response to his wife's call he hurriedly traversed the ten blocks to his home and entered, that he rushed through a half lighted hall into the living room where a man hit him in the head, that when he picked up a vase to hit the intruder a pistol which the intruder held fired, that the bullet hit the wall behind him and that the uninvited guest crashed through a plate glass door and escaped.

Through testimony of nine police officers it was established that a 1959 Chevrolet fled the scene of the shooting and was discovered parked nearby, that appellant fled on foot and was not apprehended by the officers until some hours later as he entered his home at 7210 Long Drive. In the Chevrolet was found a bloody shirt, jacket, revolver and a check book printed for "Mr. or Mrs. Paul D. Foster, 7210 Long Drive, Houston 17, Texas," together with a mutilated check bearing appellant's signature. Appellant's fingerprints were found on the mirror in the Chevrolet and the bullet found at the Abbott home was shown by a fire arms identification expert to have

been fired from the pistol found in the automobile.

The prior convictions were established and his confession was offered in evidence and admitted after his counsel had examined it and stated no objection. Appellant did not testify or offer any evidence on his own behalf.

The sole question presented for review is the applicability of the rule expressed in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; to this case. On remand to this Court upon the authority of Jackson v. Denno, supra, in Lopez v. State, Tex.Cr.App., 384 S.W.2d 345, we said:

"In new trials arising hereunder and in future trials in this state where there is a fair question of voluntariness of a confession of the defendant, the trial judge shall grant to the defendant the opportunity to object to the use of said confession; shall grant a fair hearing before the Court on the issue of voluntariness, and from all of the evidence and without regard to the truth or falsity of the confession, shall make a clear cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend."

We overrule appellant's contention that a fair question of the voluntary nature of the confession is raised by the testimony of the officers that appellant had sustained cuts and had lost blood as a result of his encounter with a plate glass door or by that portion of appellant's confession reciting that he had run all the way from his place of hiding to his home just prior to his arrest.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.