**Michael Daniel CONLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37809.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Rehearing Denied April 21, 1965.

Second Motion for Rehearing Denied June 2, 1965.

Richard W. Vaughan (court appointed), Houston, John W. O'Dowd (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Bohn Phillips, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft with two prior felony convictions alleged for enhancement; the punishment, life.

Hardwareman McKinnon testified that on the day charged in the indictment he observed appellant and one Hefty, who were strangers to him, in his neighborhood store, and that appellant engaged him in a long conversation about various items of merchandise. After their departure he noticed that a television set with a value of $140.26 was missing and later in the day discovered that a Waring blender was also gone. Both items which he identified in detail were returned to him a few days later by the police, and he identified both appellant and Hefty in a police lineup.

Officer Kirkpatrick testified that a few days after the theft he had occasion to arrest appellant at a tourist court, and when they opened the trunk of an automobile parked adjacent to the cabin they were occupying he discovered the Waring blender in question.

Officer Kimble testified that he had a conversation with appellant and Hefty while they were in custody, and as the result of such conversation he recovered the television in question at Rock's Drive-In. He stated that it was not his practice to reduce confessions to writing where he recovered the stolen property.

The prior convictions were stipulated. Appellant did not testify or offer any evidence in his own behalf.

■ Appellant contends that the court erred in not affording him a separate hearing prior to permitting the officers to testify as to the finding of the blender and the television. It should be noted that none was requested nor was any issue raised by cross examination or otherwise as to the voluntariness of appellant's statement to the officers about where they might find the stolen merchandise.

Appellant's reliance upon Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908, and Lopez v. State, Tex.Cr.App., 384 S.W.2d 345, cannot be sustained because no issue of voluntariness was raised. See Foster v. State, Tex.Cr.App., 386 S.W. 2d 288, decided February 3, 1965; Miller v. State, Tex.Cr.App., 387 S.W.2d 401, decided February 3, 1965; and Garrett v. State, Tex.Cr.App., 387 S.W.2d 53, decided January 27, 1965.

■ Appellant was indicted under the name of Michael Daniel Conley. When he personally and by counsel stipulated that Michael Daniel Conley had been convicted in the prior cases alleged in the indictment for enhancement, he thereby stipulated that he was the same person.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant strenuously insists that the evidence was insufficient to establish the two prior convictions alleged for enhancement.

It is first contended that although the two prior convictions were stipulated, appellant was not identified as the person so convicted. Franklin v. State, 154 Tex.Cr.R. 375, 227 S.W.2d 814, is cited and relied upon in support of appellant's contention.

■ In our original opinion we held that when appellant, indicted under the name of Michael Daniel Conley, personally and by counsel stipulated that Michael Daniel Conley had been convicted in the prior cases alleged for enhancement he thereby stipulated that he was the same person. We adhere to such holding. It should also be pointed out that, in addition to the stipulation, the state introduced in evidence certain authenticated prison records which contained, besides the judgments and sentences in the two cases, a photograph and physical description of the inmate, Michael Daniel Conley, named therein. With the photographs and physical description before them, the jury could conclude that appellant, who was present in the courtroom, was the person named in the two judgments of conviction. Such fact, alone, distinguishes this case from Franklin v. State, supra, cited by appellant. Also, in Franklin v. State, supra, the accused, who was prosecuted as "Yvonne Franklin alias Viola Ducrest," did not stipulate that the person named in the indictment had been previously convicted but merely stipulated that one Yvonne Franklin was the same person as Viola Ducrest, the latter being the name of the defendant in the two prior judgments of conviction.

It is next contended that there was a fatal variance between the allegation and the proof as to the date of one of the prior convictions. Having stipulated that the prior conviction was on the date (May 29, 1957) alleged in the indictment, appellant is in no position to urge such contention.

■ The contention now urged by appellant in his motion for rehearing that reading to the jury and offering proof of the allegations of the indictment charging the prior convictions, before determining the issue of his guilt of the primary offense, constituted a denial of due process has been rejected by this court. See: Crocker v. State, Tex.Cr. App., 385 S.W.2d 392, and the many cases there cited. See, also: Breen v. Beto, Fifth Circuit Court of Appeals, 341 F.2d 96.

The motion for rehearing is overruled.

Opinion approved by the court.