# NO. 12-13-00114-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALLISON HOLIDAY COWARD,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Allison Holiday Coward, appeals her conviction for driving while intoxicated. She raises two issues on appeal. We affirm.

### BACKGROUND

Sergeant Roy Mobley, Jr., of the Nacogdoches County Sheriff's Office responded to a report of an automobile accident on County Road 711. When Sergeant Mobley arrived at the scene of the accident, Appellant was standing beside her vehicle, which had run off the road and into a pasture. Appellant allowed him to retrieve her purse from inside the car so that she could show proof of insurance and a license to drive. While so engaged, Sergeant Mobley noticed an empty cup in the console that smelled of an alcoholic beverage. Sergeant Mobley could not smell the odor of an alcoholic beverage about Appellant. But he did observe that her speech was slurred, she had bloodshot eyes, and she had difficulty maintaining her balance as they walked to the road.

DPS Trooper Gary Rudisill arrived shortly thereafter. He noticed a mild odor of an

alcoholic beverage about Appellant. He observed all six clues on the horizontal gaze nystagmus test, which he administered. He also observed vertical nystagmus. Appellant told Trooper Rudisill that she could not perform the walk and turn test because of a bladder problem. Believing her to be intoxicated, Trooper Rudisill arrested her. Appellant agreed to provide a sample of her blood. Trooper Rudisill took her to Nacogdoches Memorial Hospital where Latoyia Jackson drew a sample of her blood.

At the jail, Appellant became so difficult to control that she had to be restrained in a "violent chair." The analysis of Appellant's blood sample showed a blood alcohol concentration of 0.19 grams of alcohol per 100 milliliters of blood.

Appellant testified that she lost control of her vehicle during a coughing fit. She denied drinking any alcoholic beverage before the accident, but she admitted using cough syrup. She believed the blood that was tested was not her blood.

### SUFFICIENCY OF THE EVIDENCE OF GUILT

In Appellant's first issue, she argues that the evidence is legally insufficient to support the jury's finding of guilt.

### Standard of Review and Applicable Law

In determining a challenge to the legal sufficiency of the evidence, the reviewing court must consider all the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010).

A person commits the offense of driving while intoxicated (DWI) if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West 2011).

> Intoxicated means:
>
> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or
>
> (B) having an alcohol concentration of 0.08 or more.

2

*Id*. § 49.01(2) (West 2011). The definitions of "intoxicated" are purely evidentiary; therefore, they need not be alleged in the charging instrument. *State v. Barbernell*, 257 S.W.3d 248, 256 (Tex. Crim. App. 2008). The term "normal use" contained in the definition of "intoxicated" should be given its common and ordinary meaning. *Murphy v. State*, 44 S.W.3d 656, 664 (Tex. App.–Austin 2001, no pet.); *see also Cotton v. State*, 686 S.W.2d 140, 142 (Tex. Crim. App. 1985). Slurred speech, bloodshot eyes, the odor of alcoholic beverage on a person, and unsteady balance are symptoms of intoxication. *Cotton*, 686 S.W.2d at 142. The testimony of a police officer regarding the defendant's behavior and the officer's opinion that the defendant is intoxicated provides sufficient support to uphold a jury verdict. *Zill v. State*, 355 S.W.3d 778,785-86 (Tex. App.–Houston [1st Dist.] 2011, no pet.) (citing *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979). Texas courts consistently uphold DWI convictions based upon the opinion testimony of police officers who observed the defendant's unsatisfactory performance in field sobriety tests. *Finley v. State*, 809 S.W.2d 909, 913 (Tex. App.–Houston [14th Dist.] 1991, pet. ref'd).

The results of a blood test may be admitted into evidence if a proper chain of custody of the blood sample that was drawn from the defendant and later tested is established. *Durrett v. State*, 36 S.W.3d 205, 208 (Tex. App.–Houston [14th Dist.] 2001, no pet.). Proof of the beginning and the end of the chain of custody will support the admission into evidence of the test results absent a showing that the sample was tampered with or altered. *Id*.

## Discussion

In its information, the State charged Appellant with operating a motor vehicle in a public place while she was intoxicated by not having the normal use of her mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of the above into the body, *or* by having an alcohol concentration of at least 0.08. The State, in its information, set forth both alternative means of proving intoxication, although since *State v. Barbernell*, neither means of proof need be alleged. 257 S.W.3d at 256. Therefore, proof of intoxication satisfying either definition is sufficient. *See id*.

Trooper Rudisill testified that he believed Appellant did not have the normal use of her mental and physical faculties and was intoxicated. Trooper Rudisill had over eleven years'

3

experience in law enforcement. He stated his decision to arrest Appellant was based upon her loss of control of her vehicle, his observing all the clues on the horizontal gaze nystagmus test, Appellant's loss of balance and inability to stand independently, her bloodshot eyes, and her mild odor of an alcoholic beverage.

Sergeant Mobley, the first officer at the scene, also testified that he believed Appellant was intoxicated. Sergeant Mobley had over fourteen years' experience. He is a trained paramedic and also a field sobriety test instructor. He closely observed Trooper Rudisill administer the field sobriety test to Appellant. The testimony of two well-trained law enforcement officers that Appellant was intoxicated is legally sufficient proof of her intoxication.

Appellant also challenges the chain of custody of the blood sample she gave after her arrest. Latoyia Jackson remembered drawing blood from Appellant while Trooper Rudisill watched. Trooper Rudisill testified that when Jackson handed him the vial containing Appellant's blood, he immediately placed it in a plastic tube and labeled the tube with Appellant's name and the time the sample was taken. He placed the tube in a secure DPS evidence locker. On February 23, 2011, he mailed it to the DPS lab in Tyler for analysis.

Dennis Bridger, the forensic scientist from the DPS crime lab in Tyler, testified that he received the tube and placed his initials and the date on the tube after he made an analysis of the blood it contained. Bridger stated that when he received the tube, it was still sealed and appeared unaltered. The State introduced the vial containing Appellant's blood as State's Exhibit Nine bearing Jackson's name and Bridger's initials. Bridger's analysis determined the sample had a blood alcohol concentration of 0.19.

Appellant claims there was a break in the chain of custody of the blood sample, which rendered the test results of the sample inadmissible. Latoyia Jackson testified that the vial she handed Trooper Rudisill had a red top. The vial admitted into evidence as State's Exhibit Nine had a grey top. Appellant testified the blood tested was not her own because she drank no alcoholic beverage. Jackson conceded that she drew a lot of blood and that she did not remember the specific vial she drew from Appellant.

We conclude that the State established an unbroken chain of title for the blood sample from the time it was taken until it was tested. The evidence is legally sufficient to prove Appellant's intoxication under both means of proof set out in the statute. Appellant's first issue is overruled.

4

## PROOF OF PRIOR CONVICTION

In her second issue, Appellant complains that there is legally insufficient evidence that she had previously been convicted of driving while intoxicated.

## Applicable Law

A person is guilty of a Class A misdemeanor if she is convicted of DWI, and it is proven at trial that she had a prior conviction relating to the operating of a vehicle while intoxicated. TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2012). The state has the burden of proving the prior conviction, and the standard of proof is beyond a reasonable doubt. *Ex parte Augusta*, 639 S.W.2d 481, 484-85 (Tex. Crim. App. 1982). This includes the burden of proving that the defendant is the same person as that convicted of the prior offense. *Rios v. State*, 557 S.W.2d 87, 92 (Tex. Crim. App. 1977). In *Daniel v. State*, the court of criminal appeals set out several ways to prove a prior conviction.

> This court has approved several different means by which it may be proved that a defendant is the person previously convicted. They include: (1) [t]estimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; (2) [s]tipulation or judicial admission of the defendant that he has been so convicted; (3) [i]ntroduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant; and (4) [c]omparison by the fact finder of a record of conviction which contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court.

585 S.W.2d 688, 690-91 (Tex. Crim. App. 1979) (citations omitted). Photographs may serve to link a defendant to a prior conviction. *Conley v. State*, 390 S.W.2d 276, 278 (Tex. Crim. App. 1965); *Williams v. State*, 946 S.W.2d 886, 895 (Tex. App.–Waco 1997, no writ). Identification information such as name, sex, height, eye color, hair color, and date of birth can also suffice as independent evidence proving identity. *Dorsett v. State*, 396 S.W.2d 115, 116 (Tex. Crim. App. 1965); *Williams*, 946 S.W.2d at 895. No specific document or mode of proof is required to establish beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

## Discussion

The information charging Appellant with DWI included an enhancement paragraph in

5

which the State alleged she had previously been convicted of DWI.   At trial, the State introduced a prior judgment of conviction for DWI in Harris County against Traci A. Holiday with the same date of birth as Appellant.   The State also offered photographs taken of Traci A. Holiday at the time of her arrest in Harris County.

In this case, the trial judge was able to compare the photographs of Traci A. Holiday with Appellant, present in court, and found the enhancement allegation true beyond a reasonable doubt. We conclude that the evidence is legally sufficient to support his finding.   Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

## BILL BASS
Justice

Opinion delivered July 17, 2013.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 17, 2013**

**NO. 12-13-00114-CR**

**ALLISON HOLIDAY COWARD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law

of Nacogdoches County, Texas. (Tr.Ct.No. CF1100688)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE COUNTY COURT AT LAW of NACOGDOCHES COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 17th day of July, 2013, the cause upon appeal to revise or reverse your judgment between

**ALLISON HOLIDAY COWARD, Appellant**

**NO. 12-13-00114-CR; Trial Court No. CF1100688**

Opinion by Bill Bass, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201____.

CATHY S. LUSK, CLERK

By:_____
    Deputy Clerk

8