**Affirmed and Memorandum Opinion filed November 5, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01010-CR

---

**PHILLIP JAMES MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1360768**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Phillip James Moore, of engaging in organized criminal activity. In three issues, appellant contends he received ineffective assistance of counsel, the evidence is factually insufficient to support his conviction, and the evidence is legally insufficient to support punishment enhancement. We affirm.

# I. Background

This case involves an organized credit-fraud scheme operated by appellant, Derek Holt, and Andrea Daniels. According to the State's evidence, Daniels, who worked for the Department of Family and Protective Services, would provide appellant with the names, social security numbers, addresses, and other information of adoption applicants. Holt created fraudulent identification cards based on the stolen identifying information. Appellant would then use the identification cards and stolen information to apply for credit with various department stores and credit-card companies and use the credit to purchase items for the three of them.

After receiving information regarding the scheme, investigators with the Harris County District Attorney's Office, including Investigators Kleindienst and Antonello, began monitoring appellant. Investigators followed appellant to a Livingston Sears and a Home Depot and learned he used false identification to attempt to set up credit accounts at both stores. The following day, investigators observed appellant drive to the Sharpstown Mall parking lot where Holt handed appellant a "business card size" envelope. Appellant then drove to the Deerbrook Mall where he attempted, but failed, to open a credit account at Sears by fraudulently using someone else's information. Appellant immediately proceeded to Macy's and successfully opened a credit account using the information.

Based on evidence gathered during their surveillance, investigators obtained search and arrest warrants. When they searched appellant's apartment and vehicle, investigators found a plethora of other individuals' identifying information and several counterfeit driver licenses. Investigators also eventually discovered that appellant had been exchanging text messages with Daniels and Holt regarding other individuals' identifying information.

2

Appellant was charged with the first-degree felony of engaging in organized criminal activity by, and with intent to establish, maintain, and participate in a combination with Daniels and Holt, unlawfully committing fraudulent use or possession of at least ten but less than fifty items of identifying information of certain individuals. *See* Tex. Penal Code Ann. § 71.02(a)(8) (West Supp. 2012); *see also id.* § 32.51(b) (West Supp. 2012) (identification fraud). A jury convicted appellant and, after finding an enhancement paragraph "true," assessed punishment at thirty-eight years' confinement.[1]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, appellant contends he received ineffective assistance of counsel.

### A. Standard of Review

To prevail on an ineffective-assistance claim, an appellant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim

---

[1] With the enhancement offense, appellant's range of punishment was fifteen years to ninety-nine years or life. *See* Tex. Penal Code Ann. § 12.42(c)(1) (West Supp. 2012).

3

because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## B. Analysis

Appellant contends counsel was ineffective by not calling co-defendants Daniels and Holt and appellant to testify. It is trial counsel's prerogative, as a matter of trial strategy, to decide which witnesses to call. *Weisinger v. State*, 775 S.W.2d 424, 427 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). An ineffective-assistance claim may be based upon an attorney's failure to present witnesses only if appellant can show that witnesses were available and their testimony would have benefitted appellant. *Brooks v. State*, 357 S.W.3d 777, 791 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

Appellant argues no competent attorney would have failed to call Daniels and Holt because they were indispensible members of the alleged combination and were discussed throughout trial. Appellant asserts Daniels's and Holt's testimony would have established appellant was the least culpable member of the combination, resulting in a less severe punishment for appellant. However, appellant does not cite any portion of the record supporting that Daniels and Holt would have provided exculpatory testimony or that they were even available to testify.[2] Moreover, the evidence presented at trial strongly supports that appellant

---

[2] Appellant does assert that a portion of the prosecutor's opening statements proves Daniels and Holt were available to testify. However, in the cited portion, the prosecutor merely described how Daniels and Holt were involved in the combination, not that they were presently available to testify.

was an active participant in the combination and not a gullible pawn working under Daniels and Holt. Accordingly, appellant has not established that counsel provided ineffective assistance by not calling the co-defendants.

Similarly, appellant argues that if he had been called to testify "he likely would have received a shorter sentence." Again, appellant fails to cite the record in support of this assertion, and his assertion that he would have benefitted from his own testimony is mere speculation.

Appellant also contends nothing in the record indicates counsel advised appellant about testifying on his own behalf or that appellant waived this right. *See Smith v. State*, 286 S.W.3d 333, 338 n. 9 (Tex. Crim. App. 2009) (explaining defendant—not counsel—may waive defendant's constitutional right to testify on own behalf); *see also Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) ("[D]efense counsel shoulders the primary responsibility to inform the defendant of his right to testify, including the fact that the ultimate decision belongs to the defendant."). Appellant argues counsel should have ensured that the record reflected whether appellant waived his right to testify. However, appellant cites no authority to support the proposition. Moreover, appellant has not made any post-trial record regarding what his testimony would have been had he testified. Thus, appellant has not established that, had he testified, there is a reasonable probability the result of the proceeding would have been different. *See Carballo v. State*, 303 S.W.3d 742, 751 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (rejecting similar ineffective-assistance claim because "it is not possible to determine whether the result of the punishment proceeding would have been different if defense counsel had questioned appellant regarding his version of the events"). Accordingly, we overrule appellant's first issue.

5

## III. SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant contends the evidence is factually insufficient to support his conviction. The Court of Criminal Appeals has abolished factual-sufficiency review, holding sufficiency of the evidence is reviewed only for legal sufficiency. *See Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011). We will consider appellant's second issue under the legal-sufficiency standard of review.

### A. Standard of Review

When determining whether evidence is legally sufficient to support the verdict, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* This standard applies equally to both circumstantial and direct evidence. *Id.* Circumstantial evidence is as probative as direct evidence in establishing guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Our duty as reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

## B. Analysis

Appellant does not contend the evidence is insufficient to support any particular element of engaging in organized criminal activity. Instead, appellant argues that several witnesses testified they did not personally observe appellant engage in fraudulent activities. However, appellant fails to mention substantial additional evidence which strongly demonstrates that he was engaging in ongoing fraudulent activity, including the vast amount of stolen identification information found in appellant's apartment and vehicle and text messages between appellant, Daniels, and Holt. Appellant's sufficiency challenge appears to be more about the weight of the incriminating evidence than the absence of such evidence. As noted above, we must defer to the jury's decision regarding how much weight to afford the evidence. *See Isassi*, 330 S.W.3d at 638. Accordingly, appellant has not established that the evidence is legally insufficient to support his conviction. Nevertheless, we will address his complaints regarding the weight of the evidence.

Appellant argues Investigator Kleindienst did not observe appellant enter the Livingston Sears, nor did Investigator Antonello observe appellant present an identification card at the Livingston Sears or Home Depot. But Investigator Antonello testified that he met with the manager of the Livingston Sears and learned appellant had used a name other than his own when attempting to conduct a transaction. Investigator Antonello further testified that he learned appellant used someone else's name at Home Depot when trying to obtain credit or other services.

Appellant also argues Investigator Kleindienst never actually saw appellant fill out a credit application at the Deerbrook Sears, and the Sears employee who assisted the applicant was unable to identify him. However, the fact that someone made a fraudulent credit application at the Sears using the name "Everett Swint"

7

moments before appellant exited Sears and proceeded to Macy's where he opened a credit account under the name "Everett Swint" is strong circumstantial evidence that appellant was the culprit. Moreover, officers later found in appellant's truck a fake driver license bearing the name "Thomas Everett Swint" but with appellant's photograph.

Appellant complains that Investigator Kleindienst testified he does not know exactly what Holt handed appellant in the Sharpstown Mall parking lot, except that the item was a "business card size object." Appellant does not explain why the jury needed to determine what this item was to find appellant guilty of the charged offense. Regardless, text messages sent between appellant and Holt on the day they met at the Sharpstown Mall pertained to the meeting, "addresses," "dl" (meaning driver license), and ordering a credit card online. Furthermore, investigators found fraudulent identification cards in Holt's house with code numbers matching the code numbers on some of the fraudulent identification cards found in appellant's apartment. Accordingly, there is sufficient evidence supporting a finding that appellant and Holt were jointly involved in a credit-fraud scheme.

Lastly, appellant contends the State's computer-technician witness testified he does not have personal knowledge of whether appellant was the person who made a certain false online credit application under the name "Thomas Swint." However, the evidence supports a finding that Swint was a person whose identity was stolen, whose information was entered on this online credit application, and whose information appellant fraudulently used at the Deerbrook Mall. We overrule appellant's second issue.

8

## IV. ENHANCEMENT OFFENSE

In his third and final issue, appellant contends the evidence is legally insufficient to support the finding that he was convicted of the charged enhancement offense.

### A. Standard of Review

The Court of Criminal Appeals applies a legal-sufficiency analysis in reviewing punishment enhancement, viewing the evidence in the light most favorable to the verdict and determining whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jordan v. State*, 256 S.W.3d 286, 289 (Tex. Crim. App. 2008); *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The trier of fact must look at the totality of the evidence admitted to determine whether those two elements were proven beyond a reasonable doubt. *Id*. at 921, 923.

### B. Analysis

For punishment enhancement purposes, the State alleged appellant was convicted of tampering with a governmental record on August 14, 2003 in cause number 2001-610-C in the 54th District Court of McLennan County, to which appellant pleaded "Not true." To prove this enhancement, the State presented a "pen packet" from the Texas Department of Criminal Justice – Correctional Institutions Division containing documents related to cause number 2001-610-C and cause number 86142, a photograph of appellant, and a fingerprint card for

"Phillip James Moore." Pertaining to cause number 2001-610-C, the pen packet included the following:

- A December 5, 2001 judgment and probation order reflecting that a person named "PHILLIP JAMES MOORE" pleaded guilty to tampering with a governmental record, and the trial court found the person guilty, sentenced him, and probated punishment. This judgment was signed by "Phillip James Moore" and bore a thumbprint.

- An August 14, 2003 judgment revoking probation and reflecting that a person named "PHILLIP JAMES MOORE" pleaded true to revocation allegations, and that the trial court assessed punishment at three years' confinement. This judgment was also signed by "Phillip James Moore" and bore a thumbprint, but the print is smudged and indecipherable.[3]

A finger-print examiner testified that the fingerprint card contained in the pen packet matched appellant's known prints. However, the examiner also testified that the smudged thumbprint on the August 14, 2003 judgment revoking probation could not be compared with appellant's known prints.[4] Following the examiner's testimony, appellant made an oral motion to quash the enhancement, which the trial court denied.

Appellant contends that because the thumbprint on the August 14, 2003 judgment revoking probation could not be compared with appellant's known

---

[3] In its brief, the State notes appellant was *convicted* in cause number 2001-610-C on December 5, 2001, and the August 14, 2003 judgment merely indicates that appellant's probation had been revoked. Thus, according to the State, the actual date of appellant's enhancement conviction was December 5, 2001, and the variance between the date in the enhancement allegation and actual date of conviction is not fatal. *See Davis v. State*, 684 S.W.2d 201, 210 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) ("The indictment's incorrect allegation of the date of final conviction for the prior offense would not have prevented the appellant from finding the record of it and presenting a defense. The variance was not fatal[.]"). We do not address this issue because appellant does not raise it and the evidence is sufficient to prove appellant was the defendant referenced in both the December 5, 2001 and August 14, 2003 judgments.

[4] The examiner did not expressly testify the thumbprint on the December 5, 2001 judgment belonged to appellant.

10

fingerprints, the State failed to present legally sufficient evidence that appellant is the defendant referenced in the judgment. In support, appellant cites cases in which courts held the fact the defendant has the same name as the person mentioned in a prior judgment is not sufficient evidence to link him to the judgment. *See, e.g.*, *Franklin v. State*, 227 S.W.2d 814, 814–15 (Tex. Crim. App. 1950). However, appellant cites no authority supporting that the judgment itself, rather than the pen packet, must contain the matching fingerprint. The Court of Criminal Appeals has "consistently held that a prior conviction alleged for enhancement . . . may be established by certified copies of a judgment and a sentence and authenticated copies of the Texas Department of Corrections records including fingerprints, supported by expert testimony identifying them as known fingerprints of the defendant." *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); *accord Varnes v. State*, 63 S.W.3d 824, 834 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

The examiner testified the pen packet contained a fingerprint card that matches appellant's known prints. Additionally, the fingerprint card mentions "TAMP W/GOVT RECORD(1)," "3 YRS," and the number "1211088," and the packet included clear photographs of appellant with the number "1211088." As noted above, the August 14, 2003 judgment revoking probation indicates that "PHILLIP JAMES MOORE" had been convicted of tampering with a government record and sentenced to three years' confinement. Additionally, in an affidavit attached to the pen packet, an employee with the Texas Department of Criminal Justice – Correctional Institutions Division certified that the documents in the pen packet related to "MOORE, PHILLIP JAMES," "TDCJ/BPP# 1211088," and cause number 2001-610-C are true and correct copies of business records maintained by the department. We hold the evidence is legally sufficient to

11

support a finding beyond a reasonable doubt that appellant was the person convicted of the enhancement offense. *See Davila v. State*, 930 S.W.2d 641, 652–53 (Tex. App.—El Paso 1996, pet. ref'd) (holding fingerprint card located in pen packet, but not stapled to the packet, was sufficient to prove defendant was person referenced in pen-packet documents, particularly because fingerprint card contained defendant's name and prisoner number and defendant's photograph was included in the pen packet); *cf. also* 43A George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 46:108 (3d ed. 2011) ("It should become increasingly unnecessary to use either jail cards or penitentiary packets as proof of prior convictions. Those documents contain fingerprints and include or make reference to the judgment in the prior case.").[5] We overrule appellant's third issue.

We affirm the trial court's judgment.


/s/    John Donovan
Justice


Panel consists of Justices Christopher, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[5] Appellant also complains the evidence is insufficient to support a finding that he was convicted of several other extraneous offenses not designated as enhancement offenses. We do not review the sufficiency of the evidence supporting extraneous offenses presented during punishment but, in the interest of justice, will construe appellant's argument as a complaint about the admission of extraneous offenses. *See Palomo v. State*, 352 S.W.3d 87, 94–95 (Tex. App—Houston [14th Dist] 2011, pet. ref'd). Nonetheless, appellant did not preserve an admission-of-evidence complaint because he failed to object to the admission of evidence regarding these extraneous offenses. *See Malpica v. State*, 108 S.W.3d 374, 378–79 (Tex. App.—Tyler 2003, pet. ref'd).